### DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### Jack Edward HIRSCHMAN, Appellee.

No. 10–04–00290–CV.

Court of Appeals of Texas, Waco.

June 15, 2005.

Rene S. Lial, Texas Department of Public Safety, Austin, for appellant.

Lane D. Thibodeaux, Law Office of Lane D. Thibodeaux, Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

The Texas Department of Public Safety ("Department") suspended Jack Edward Hirschman's license based on his refusal to give a blood or breath specimen. This administrative suspension was reversed by the county court at law. The Department appeals the court's order in three issues: (1) error in requiring the Department to prove that Hirschman was actually driving while intoxicated; (2) error in considering "equally plausible but opposite inferences" when reviewing the evidence; and (3) error in reversing the ALJ's decision that was supported by substantial evidence. We will sustain all issues, reverse the county court at law's judgment, and affirm the ALJ's order authorizing the Department to suspend Hirschman's license.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Accident and Arrest

Officer James Arnold was dispatched to a reported hit-and-run accident. The dispatcher told Officer Arnold that the actor vehicle was a truck, and it had come to a stop nearby with the driver still in the truck. At the scene, Officer Arnold found a group of bystanders around a vehicle that had been struck. Officer Arnold asked the bystanders where the other vehicle was, and they pointed to a truck approximately 100 yards away. Officer Arnold observed that a wheel and tire, missing from the truck, were by the struck

car. Two of the bystanders reported that there was a male occupant in the driver's seat of the truck listening to the radio, and there were no other occupants in the truck. Officer Arnold approached the truck and observed damage to the truck. Hirschman was sitting in the driver's seat of the truck with the keys in his hand. He told Officer Arnold that he was drunk, was on his way to an interview, and he was not supposed to be driving.

Officer Arnold smelled an alcoholic beverage on Hirschman's breath, and noticed that Hirschman had slurred speech and was lethargic. During field sobriety testing, another officer had to hold onto Hirschman to prevent him from falling down. After the testing, Officer Arnold arrested Hirschman for DWI. After a request from Officer Arnold, Hirschman refused to give a specimen of his breath or blood.

### The Administrative Hearing

During the administrative hearing, evidence was offered and entered for the record. Hirschman made several objections, and the ALJ excluded the witness statements that were not contained in Officer Arnold's report. Hirschman argued that the Department was required to show that he was actually operating the truck. The Department responded that they did not have to prove that Officer Arnold observed Hirschman driving the truck; they had to prove that Officer Arnold had probable cause to believe that Hirschman was driving the truck while intoxicated. The ALJ found that the Department proved all of the elements and authorized the Department's suspension of Hirschman's driver's license. The ALJ's findings included:

1) On 11–13–03, reasonable suspicion to stop, detain, and question the Defendant existed in that the vehicle he was driving was involved in a collision with another vehicle at Fraternity Row in College Station, Texas.

2) On the same date, probable cause to arrest the Defendant existed in that there was probable cause to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, Defendant: had a strong odor of an alcoholic beverage on his breath; had very slurred speech and seemed lethargic; almost lost his balance when exiting his vehicle and trying to walk; had glassy, bloodshot eyes; on the horizontal gaze nystagmus test, in both eyes, lacked smooth pursuit, had distinct nystagmus at maximum deviation, and had nystagmus onset prior to 45 degrees; had vertical nystagmus; on the walk-and-turn test, could not balance during instructions, started too soon, did not touch heel to toe, used his arms to balance, and made an improper turn or lost his balance on the turn; and on the one-leg stand, swayed while balancing, put his foot down, and used his arms for balance.

3) Defendant was operating a motor vehicle in a public place in Brazos County, Texas.

4) Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

5) After being requested to submit a specimen of breath or blood, Defendant refused.

6) Defendant has had one or more alcohol or drug-related enforcement contacts during the ten years preceding the date of Defendant's arrest as indicated on defendant's driving record.

The court concluded that the "Department proved the issues set out in TEX. TRANSP. CODE ANN. § 524.035 or § 724.042 and that

Defendant's license is subject to a suspension for two years."

### County Court at Law Review

Hirschman appealed the administrative decision to the county court at law arguing that there was legally insufficient evidence to support the ALJ's Finding of Fact that Defendant was operating a motor vehicle in a public place in Brazos County, Texas. He argued that the evidence in the police report was circumstantial, and that circumstantial evidence from which equally plausible inferences could be drawn was insufficient to support the Department's case. The Department argued that it was only required to prove that there was probable cause to believe that Hirschman was operating a motor vehicle while intoxicated. The Department further argued that equally plausible but opposite inferences is a standard that no longer binds courts.

The county court at law filed a "Memorandum Opinion and Order," which reversed the administrative decision and entered judgment in favor of Hirschman. The county court at law held that the evidence offered was not more than a scintilla of evidence to support probable cause to arrest Hirschman for DWI.

The Department now appeals from the trial court's judgment.

### STANDARD OF REVIEW

#### Administrative Hearing

A person who has his driver's license suspended may request an administrative hearing before an administrative law judge ("ALJ"). TEX. TRANSP. CODE ANN. § 724.041(a), (d) (Vernon 1999). The Department's determination to suspend a driver's license "is a civil matter." Id. § 524.012(e)(1) (Vernon 1999).

The issues at the administrative hearing are whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

 (A) operating a motor vehicle in a public place while intoxicated;
 
 or
 
 (B) operating a watercraft powered with an engine having a manufacturer's rating of 50 horsepower or above while intoxicated;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

Id. § 724.042 (Vernon Supp.2004–05). The ALJ, in determining the merits of the case, must determine whether the Department proved the elements by a preponderance of the evidence. 1 TEX. ADMIN. CODE § 159.19(a) (Issues). If the ALJ finds the Department proved each of the required elements, the license suspension is sustained. Id. § 159.19(c); TEX. TRANSP. CODE ANN. § 724.043(a) (Vernon Supp.2004–05).

#### Appeal—Substantial Evidence Rule

A person may appeal the ALJ's license suspension to a county court at law. 1 TEX. ADMIN. CODE § 159.37(a) (Appeal of Judge's Decision). Chapter 524 of the Texas Transportation Code governs the appeal. TEX. TRANSP. CODE ANN. § 724.047 (Vernon 1999). Judicial review of the ALJ's decision is based on the substantial evidence rule. See id. § 524.041 (Vernon 1999); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000); Mireles v. Department of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999). The court:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

 (A) in violation of a constitutional or statutory provision;

 (B) in excess of the agency's statutory authority;

 (C) made through unlawful procedure;

 (D) affected by other error of law;

 (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

 (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174. Thus, the county court at law must examine the ALJ's order to determine whether the original order was reasonably supported by substantial evidence considering the record as a whole. *Tex. Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 639 (Tex. App.-San Antonio 2002, no pet.).

■■■ A court applying the substantial evidence standard of review may not substitute its judgment for that of the ALJ as to the weight of the evidence on questions committed to the ALJ's discretion. TEX. GOV'T CODE ANN. § 2001.174; *see also Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex.1984). The ALJ is the sole judge of the weight of the evidence. *Tex. Dep't of Pub. Safety v. Raffaelli*, 905 S.W.2d 773, 778 (Tex.App.-Texarkana 1995, no writ). The issue for the reviewing court is not whether the ALJ reached the correct conclusion, but rather whether there is some reasonable basis in the record for the decision of the ALJ. *See City of El Paso v. Public Util. Comm'n*, 883 S.W.2d 179, 185 (Tex.1994). "At its core, the substantial evidence rule is a reasonableness test or a rational basis test." *Id.* "The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise." *Id.* Substantial evidence requires only more than a scintilla, and the evidence on the record may actually preponderate against the decision of the agency and nonetheless amount to substantial evidence. *R.R. Comm'n of Texas v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex.1995). The substantial evidence standard gives significant deference to the agency in its field of expertise. *Id.* at 792. If there is evidence to support either affirmative or negative findings on a specific matter, the administrative decision must be upheld. *Texas Dep't of Public Safety v. Stacy*, 954 S.W.2d 80, 83 (Tex.App.-San Antonio 1997, no writ). Any evidentiary ambiguities should be resolved in favor of the administrative order with a finding of substantial evidence to support the ALJ's decision. *Pruitt*, 75 S.W.3d at 640.

■■■ The scope of review is "confined to the [ALJ] record." TEX. GOV'T CODE ANN. § 2001.175(e) (Vernon 2000). Under the substantial evidence standard, we review the ALJ record to determine whether there is substantial evidence to support the ALJ's decision; we review the determination by the county court at law *de novo*. *Tex. Dep't of Pub. Safety v. Friedel*, 112 S.W.3d 768, 770 (Tex.App.-Beaumont 2003, no pet.). The question of whether the ALJ's determination meets the substantial evidence standard is one of law. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex.2000). We

review questions of law without affording any deference to the county court at law's determination. *Tex. Dep't of Pub. Safety v. Cuellar,* 58 S.W.3d 781, 784 (Tex.App.-San Antonio 2001, no pet.).

## ISSUE TWO: EQUALLY PLAUSIBLE BUT OPPOSITE INFERENCES

 The Department argues that the county court at law was in error when it considered an "equally plausible but opposite inferences" construct to review the ALJ record. The Department argues that this standard of review has been abolished by the Court of Criminal Appeals. Hirschman argues that the proper civil standard for review of circumstantial evidence is the equally plausible but opposite inferences construct set out by the Supreme Court.[1] We agree more with the Department.

We believe that the statute governing license suspension appeals should be the touchstone in deciding which standard of review should apply. *See In re Jane Doe 2,* 19 S.W.3d 278, 289 (Tex.2000). The statute specifically requires the reviewing court to use the substantial evidence rule. *See* Tex. Transp. Code Ann. § 524.041; Tex. Gov't Code Ann. § 2001.174. Because a court applying the substantial evidence standard of review may not substitute its judgment for that of the ALJ as to the weight of the evidence, the equally plausible but opposite inferences construct could not be part of the substantial evidence rule. *See* Tex. Gov't Code Ann. § 2001.174; *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). Although the county court at law cited section 2001.174 as part of its standard of review, we find that it improp-

erly substituted its own judgment by reweighing the evidence using the equally plausible but opposite inferences construct. *See* Tex. Gov't Code Ann. § 2001.174; *Raffaelli,* 905 S.W.2d at 778. Thus, we find the county court at law erred; the court should have used the substantial evidence rule as stated in the statute and interpreted in case law—this is the standard we will use to review the ALJ's order under issue three. We sustain issue two.

## ISSUE ONE: PROOF OF DRIVING WHILE INTOXICATED

The Department argues that the county court at law held it to a higher burden of proving that Hirschman was actually driving while intoxicated instead of requiring proof of "probable cause to believe" that he was driving while intoxicated. The Department argues that it proved probable cause through Officer Arnold's report and probable cause statement.

Hirschman argues that the county court at law did not require the Department to prove that he was actually operating the vehicle while intoxicated. He argues that the county court at law found that the ALJ's Finding of Fact # 3 that "[d]efendant was operating a motor vehicle in a public place in Brazos County, Texas" was not supported by the evidence and thus, the evidence was insufficient to support probable cause.

 In a license suspension hearing before an ALJ, the ALJ is to decide "whether probable cause existed to believe ... [the license holder] was operating a motor vehicle in a public place while intoxicated." Tex. Transp. Code Ann. § 724.042(2). The statute authorizing the suspension hearing neither requires nor

---

1. Hirschman is referring to the Supreme Court's statement that "[m]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is specula-

tive and thus legally insufficient to support a finding." *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998) (slip and fall case).

empowers the ALJ to decide the ultimate issue of whether appellant was actually operating a motor vehicle while intoxicated. *Church v. State*, 942 S.W.2d 139, 139–140 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). That issue is one to be litigated during the DWI prosecution: "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PEN.CODE ANN. § 49.04(a) (Vernon 2003). Thus, a "fact" finding by an ALJ regarding actual operation of a motor vehicle while intoxicated is beyond her authority. *See Church*, 942 S.W.2d at 140. As such, any finding of fact on that issue by the ALJ is of no import. *See id.*

■ The Department did not have to prove Hirschman was in fact driving while intoxicated in order to suspend his license under section 724.042. *See Department of Public Safety v. Butler*, 110 S.W.3d 673, 677 (Tex.App.-Houston [14th Dist.] 2003, no writ). The county court at law reversed the ALJ's order because:

> the evidence offered to prove a vital fact—Finding of Fact #3 [Defendant was operating a motor vehicle in a public place in Brazos County, Texas]—is so weak as '*to do no more than create a mere surmise or suspicion*' that Hirschman was 'the driver' and that, if he were the driver of the black truck, he was driving the 'actor vehicle' involved in an accident. In this Court's opinion, the evidence offered is *not* more than a scintilla of evidence to support a probable cause to arrest the Appellant for DWI.

■ We agree with the Department that the issue is whether the Department presented substantial evidence to support the ALJ's conclusion that Officer Arnold

had probable cause to believe that Hirschman was operating a vehicle in a public place while he was intoxicated, which the ALJ found in Finding of Fact #2. Because the ALJ's Finding of Fact #3 that Hirschman was actually operating a motor vehicle is not a vital fact and the ALJ was beyond her authority to make this finding, the county court at law erred in requiring substantial evidence of actual operation of a motor vehicle. *See Church*, 942 S.W.2d at 140. We sustain issue one.

## ISSUE THREE: SUBSTANTIAL EVIDENCE

■ The Department argues that the county court at law erred in reversing the ALJ's decision that was supported by substantial evidence. Hirschman argues that there was less than a scintilla of evidence to support the ALJ's decision.

The question before us is whether there is substantial evidence to support the ALJ's Finding of Fact #2 that Officer Arnold had probable cause to believe Hirschman was driving while intoxicated and that Officer Arnold had probable cause to arrest Hirschman.[2]

With regard to this issue, the ALJ found:

1) On 11–13–03, reasonable suspicion to stop, detain, and question the Defendant existed in that the vehicle he was driving was involved in a collision with another vehicle at Fraternity Row in College Station, Texas.

2) On the same date, probable cause to arrest the Defendant existed in that there was probable cause to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the

---

**2.** There are no issues on appeal relating to the request for a specimen and the refusal to provide a specimen.

facts in No. 1, Defendant: had a strong odor of an alcoholic beverage on his breath; had very slurred speech and seemed lethargic; almost lost his balance when exiting his vehicle and trying to walk; had glassy, bloodshot eyes; on the horizontal gaze nystagmus test, in both eyes, lacked smooth pursuit, had distinct nystagmus at maximum deviation, and had nystagmus onset prior to 45 degrees; had vertical nystagmus; on the walk-and-turn test, could not balance during instructions, started too soon, did not touch heel to toe, used his arms to balance, and made an improper turn or lost his balance on the turn; and on the one-leg stand, swayed while balancing, put his foot down, and used his arms for balance.

▬▬ Probable cause is a mixed question of law and fact. *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997). However, once the underlying facts are established, the existence of probable cause is a question of law for the court.[3] *Wal–Mart Stores, Inc. v. Resendez,* 962 S.W.2d 539, 540 (Tex.1998).

In reviewing the administrative record to determine whether there is substantial evidence to support the ALJ's decision, we note that Officer Arnold's report and probable cause statement indicate: (1) Officer Arnold was told en route to the reported accident that the reporting person said that the actor vehicle was a truck and it had come to a stop nearby with the driver still inside the truck; (2) upon arriving at the scene seven minutes after the call to police, Officer Arnold found a group of people standing next to a Pontiac Grand Am that looked like it had been struck by another vehicle and was partly on the curb; (3) Officer Arnold found an intact wheel and tire next to the Pontiac; (4) bystanders reported to Officer Arnold that they immediately came outside after hearing the crash and called the police; (5) the bystanders told Officer Arnold that the other vehicle involved in the accident was a truck that was approximately 100 yards away; (6) the bystanders reported that there was a male occupant in the driver's seat of the truck and he was listening to the radio; (7) the bystanders stated that they did not see any other occupants in the truck; (8) the truck was missing its front right wheel and tire; (9) the three intact wheels and tires on the truck matched the wheel and tire found next to the Pontiac; (10) there was a distinct gouge mark in the pavement that started at the Pontiac's location and ended at the truck's location; (11) when Officer Arnold approached the truck, he found Hirschman sitting in the driver's seat with the keys to the truck in his right hand; (12) Hirschman told Officer Arnold that he was drunk, was on his way to an interview, and should not be driving; (13) Officer Arnold reported that Hirschman had a strong odor of an alcoholic beverage on his breath, had very slurred speech, and seemed lethargic; (14) when Officer Arnold asked Hirschman to step out of the truck, Hirschman almost fell out of the truck; (15) Officer Arnold administered Standardized Field Sobriety Tests including (i) the Horizontal Gaze Nystagmus, which showed six out of six clues of intoxication; (ii) Walk and Turn test, which demonstrated six out of eight clues of intoxication; and (iii) One Leg Stand, which showed three out of four clues of intoxication; (16) during the field sobriety tests, Officer Arnold and another officer had to grab or support Hirschman to prevent him from falling to the ground.

---

**3.** Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense. *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997).

Officer Arnold stated that he had probable cause to believe that Hirschman was operating a vehicle in a public place while intoxicated based on (1) Hirschman being found in the driver's seat of the truck; (2) Hirschman being in control of the keys to operate the truck; (3) the truck was involved in an accident with the Pontiac; (4) bystanders reported that there were no other occupants found in the truck immediately following the accident; (5) Hirschman had a strong odor of alcoholic beverage on his breath; (6) Hirschman had slurred speech and glassy bloodshot eyes; and (7) Hirschman's performance on the field sobriety tests.[4]

We find that the ALJ record contains substantial evidence to support the ALJ's conclusion that Officer Arnold had probable cause to believe that Hirschman was operating the vehicle while intoxicated and that Officer Arnold had probable cause to arrest Hirschman. We find it irrelevant that Officer Arnold did not actually observe Hirschman operating the truck. *See Stagg v. Tex. Dep't of Pub. Safety,* 81 S.W.3d 441, 444 (Tex.App.-Austin 2002, no pet.) (finding that the Department did not have to prove that Stagg was actually operating the motor vehicle). Accordingly, we hold the county court at law erred in reversing the ALJ's decision. We sustain issue three.

### CONCLUSION

Having sustained all issues, we reverse the county court at law's judgment and render judgment affirming the ALJ's order authorizing the Department to suspend Hirschman's license.

---

**4.** Arnold's report also indicates that Hirschman was read his statutory warning and was requested to give a sample of breath or blood, which Hirschman refused to give.