TXDPS v. Kelsey Rae Shaw

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-389-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY APPELLANT

V.

KELSEY RAE SHAW APPELLEE

------------

FROM THE COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Following her arrest for driving while intoxicated, Kelsey Rae Shaw refused to take a breath test.  A contested administrative hearing was subsequently held concerning the suspension of Shaw’s drivers license.  The administrative law judge (ALJ) denied the Texas Department of Public Safety’s suspension of Shaw’s license, and the Department appealed to the county court at law.  The county court at law affirmed the administrative law judge’s ruling, and the Department perfected this appeal.  We will likewise affirm.

Administrative license revocation cases are reviewed under the substantial evidence standard of review.  
See
 
Tex. Transp. Code Ann.
 §§ 524.002(b), 524.043, 724.042 (Vernon 1999); 
see also 
Tex. Gov’t Code Ann.
 § 2001.174(2) (Vernon 2000).  The issue for the reviewing court is not whether the agency’s decision is correct, but only whether the record demonstrates some reasonable basis for the agency’s action.  
Tex. Dep’t of Pub. Safety v. Vasquez
, No. 08-04-00181-CV, 2005 WL 2012732, at *4 (Tex. App.—El Paso Aug. 23, 2005, no pet.).  We may not substitute our judgment for that of the agency on the weight of the evidence, and we must uphold an agency's finding even if the evidence actually preponderates against it so long as enough evidence suggests the agency's determination was within the bounds of reasonableness.  
Mireles v. Tex. Dep’t of Pub. Safety
, 9 S.W.3d 128, 131 (Tex. 1999); Vasquez, 2005 WL 2012732, at *4; 
S.W. Pub. Serv. Co. v. Pub. Util. Comm'n
, 962 S.W.2d 207, 215 (Tex. App.—Austin 1998, pet. denied).  If there is evidence to support either affirmative or negative findings on a specific matter, the administrative decision must be upheld.  
Tex. Dep't of Pub. Safety v. Stacy
, 954 S.W.2d 80, 83 (Tex. App.—San Antonio 1997, no writ).  Any evidentiary ambiguities should be resolved in favor of the administrative order with a finding of substantial evidence to support the ALJ's decision.  
Tex. Dep’t of Pub. Safety v. Pruitt
, 75 S.W.3d 634, 639 (Tex. App.—San Antonio 2002, no pet.).  The burden for overturning an agency ruling is formidable.  
Tex. Dep’t of Pub. Safety v. Pucek
, 22 S.W.3d 63, 67 (Tex. App.—Corpus Christi 2000, no pet.).

The Department concedes that it bore the burden at the administrative hearing to establish by a preponderance of the evidence facts satisfying the requirements of transportation code section 724.042, including section (1) requiring “reasonable suspicion or probable cause . . . to stop . . . the person.” 
See
 
Tex. Transp. Code Ann.
 § 724.042.  At the hearing, the Department did not call any witnesses, but introduced the DIC-23 (the police officer’s sworn report), the DIC-24 (the statutory warnings given to Shaw), and a certified copy of Shaw’s driving record.  The administrative law judge determined that the Department did not meet its burden of proof and signed an order concluding that “the evidence presented in this case was insufficient to establish all the elements set out in 
Tex. Transp. Code Ann. 
§ 724.042 by a preponderance of the evidence.” 

In its first issue, the Department argues that the administrative law judge erred by concluding that it did not meet its burden of showing that reasonable suspicion or probable cause existed to stop Shaw.  The only evidence in the record on this issue is a single page titled, “Peace Officer’s Sworn Report,” and completed by J. Shepherd.  This document indicates that on April 17, 2005 at 8:59 a.m., Officer Shepherd made contact with Shaw because he saw “sus passed out behind steering wheel of running veh.”  Although the sworn report indicates that at some point Officer Shepherd smelled alcohol and that Shaw refused sobriety tests, the report fails to indicate when in the sequence of events Officer Shepherd became aware of these facts.
(footnote: 2)  If Officer Shepherd’s initial investigative detention of Shaw did not reveal any facts generating a reasonable articulable suspicion that criminal activity was afoot, then Shaw was free to leave and her continued detention was illegal.  
See, e.g.
, 
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); 
Davis v. State
, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997); 
McQuarters v. State
, 58 S.W.3d 250, 256 (Tex. App.—Fort Worth 2001, pet. ref’d).

Applying the substantial evidence standard of review, we cannot say that the administrative law judge’s decision is not reasonably supported by the record before us.  The Department concedes that Officer Shepherd was required to possess reasonable suspicion based on specific, articulable facts causing him to reasonably conclude that Shaw was, had been, or soon would be engaged in criminal activity to continue Shaw’s investigative detention; if the above facts did not come to light until 
after
 Officer Shepherd had decided to continue Shaw’s detention, then Shaw’s continued detention was illegal.  
See, e.g.,  Ford
, 158 S.W.3d at 492.  In this particular case, the facts presented to the administrative law judge are so scant—one sentence really—that under these circumstances, we may not reverse the administrative decision; we are prohibited from substituting our judgment concerning the weight of the evidence for the administrative law judges’s conclusion that the weight of the evidence did not rise to a preponderance.  
See, e.g.
, 
Mireles, 
9 S.W.3d at 131.  We cannot reverse the administrative law judge’s decision simply because the evidence might support the inference that Officer Shepherd learned the above facts before he decided to continue Shaw’s investigative detention.  
See Dep’t of Pub. Safety v. Hirschman
, 169 S.W.3d 331, 337 (Tex. App.—Waco 2005, pet. denied) (reversing county court at law because it “improperly substituted its own judgment by re-weighing the evidence using the equally plausible but opposite inferences construct”).

In its second issue, the Department urges us to remand the case to the administrative law judge because she allegedly erroneously failed to make findings of fact “regarding probable cause to arrest Shaw or her refusal of the alcohol concentration test.”  The Department acknowledges that the error alleged in its second issue is harmless if the ALJ was correct in holding that there was not reasonable suspicion.  We note that the administrative law judge did not hold that there was no reasonable suspicion—she simply ruled that the Department had failed to prove such reasonable suspicion by a preponderance of the evidence.  Because we have held that the record reflects some reasonable basis for the administrative law judge’s ruling, we do not reach the Department’s second issue.  
See
 
Tex. R. App. P.
 47.1.  We affirm the ruling of the administrative law judge and the county court at law.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

CAYCE, C.J., dissents without opinion.

DELIVERED: April 27, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Additionally, Shaw’s counsel pointed out that the record was silent on whether or not other people were in the car, whether any alcohol was found in the car, whether the car was in a parking lot, on the side of the road, or outside a restaurant, how long the car had been parked, Shaw’s posture inside the car, and whether or not she appeared to be just sleeping.