COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-389-CV

 

 

TEXAS DEPARTMENT OF PUBLIC SAFETY                               APPELLANT

 

                                                   V.

 

KELSEY RAE SHAW                                                                APPELLEE

 

                                              ------------

 

      FROM THE COUNTY
COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Following her arrest for driving while
intoxicated, Kelsey Rae Shaw refused to take a breath test.  A contested administrative hearing was
subsequently held concerning the suspension of Shaw=s
drivers license.  The administrative law
judge (ALJ) denied the Texas Department of Public Safety=s
suspension of Shaw=s license, and the Department
appealed to the county court at law.  The
county court at law affirmed the administrative law judge=s
ruling, and the Department perfected this appeal.  We will likewise affirm.








Administrative license revocation cases are
reviewed under the substantial evidence standard of review.  See Tex.
Transp. Code Ann. '' 524.002(b), 524.043, 724.042
(Vernon 1999); see also Tex. Gov=t Code
Ann. ' 2001.174(2) (Vernon 2000).  The issue for the reviewing court is not
whether the agency=s decision is correct, but only
whether the record demonstrates some reasonable basis for the agency=s
action.  Tex. Dep=t of
Pub. Safety v. Vasquez, No. 08-04-00181-CV, 2005 WL 2012732, at *4
(Tex. App.CEl Paso Aug. 23, 2005, no
pet.).  We may not substitute our
judgment for that of the agency on the weight of the evidence, and we must
uphold an agency's finding even if the evidence actually preponderates against
it so long as enough evidence suggests the agency's determination was within
the bounds of reasonableness.  Mireles
v. Tex. Dep=t of Pub. Safety, 9
S.W.3d 128, 131 (Tex. 1999); Vasquez, 2005 WL 2012732, at *4; S.W. Pub.
Serv. Co. v. Pub. Util. Comm'n, 962 S.W.2d 207, 215 (Tex. App.CAustin
1998, pet. denied).  If there is evidence
to support either affirmative or negative findings on a specific matter, the
administrative decision must be upheld.  Tex.
Dep't of Pub. Safety v. Stacy, 954 S.W.2d 80, 83 (Tex. App.CSan
Antonio 1997, no writ).  Any evidentiary
ambiguities should be resolved in favor of the administrative order with a
finding of substantial evidence to support the ALJ's decision.  Tex. Dep=t of
Pub. Safety v. Pruitt, 75 S.W.3d 634, 639 (Tex. App.CSan
Antonio 2002, no pet.).  The burden for
overturning an agency ruling is formidable. 
Tex. Dep=t of Pub. Safety v. Pucek, 22
S.W.3d 63, 67 (Tex. App.CCorpus Christi 2000, no pet.).

The Department concedes that it bore the burden
at the administrative hearing to establish by a preponderance of the evidence
facts satisfying the requirements of transportation code section 724.042,
including section (1) requiring Areasonable
suspicion or probable cause . . . to stop . . . the person.@ See
Tex. Transp. Code Ann. '
724.042.  At the hearing, the Department
did not call any witnesses, but introduced the DIC-23 (the police officer=s sworn
report), the DIC-24 (the statutory warnings given to Shaw), and a certified
copy of Shaw=s driving record.  The administrative law judge determined that
the Department did not meet its burden of proof and signed an order concluding
that Athe
evidence presented in this case was insufficient to establish all the elements
set out in Tex. Transp. Code Ann. ' 724.042
by a preponderance of the evidence.@ 








In its first issue, the Department argues that
the administrative law judge erred by concluding that it did not meet its
burden of showing that reasonable suspicion or probable cause existed to stop
Shaw.  The only evidence in the record on
this issue is a single page titled, APeace
Officer=s Sworn
Report,@ and
completed by J. Shepherd.  This document
indicates that on April 17, 2005 at 8:59 a.m., Officer Shepherd made contact
with Shaw because he saw Asus passed out behind steering
wheel of running veh.@ 
Although the sworn report indicates that at some point Officer Shepherd
smelled alcohol and that Shaw refused sobriety tests, the report fails to
indicate when in the sequence of events Officer Shepherd became aware of these
facts.[2]  If Officer Shepherd=s
initial investigative detention of Shaw did not reveal any facts generating a
reasonable articulable suspicion that criminal activity was afoot, then Shaw
was free to leave and her continued detention was illegal.  See, e.g., Ford v. State, 158
S.W.3d 488, 492 (Tex. Crim. App. 2005); Davis v. State, 947 S.W.2d 240,
245 (Tex. Crim. App. 1997); McQuarters v. State, 58 S.W.3d 250, 256
(Tex. App.CFort Worth 2001, pet. ref=d).








Applying the substantial evidence standard of
review, we cannot say that the administrative law judge=s
decision is not reasonably supported by the record before us.  The Department concedes that Officer Shepherd
was required to possess reasonable suspicion based on specific, articulable
facts causing him to reasonably conclude that Shaw was, had been, or soon would
be engaged in criminal activity to continue Shaw=s
investigative detention; if the above facts did not come to light until after
Officer Shepherd had decided to continue Shaw=s
detention, then Shaw=s continued detention was
illegal.  See, e.g.,  Ford, 158 S.W.3d at 492.  In this particular case, the facts presented
to the administrative law judge are so scantCone
sentence reallyCthat under these circumstances,
we may not reverse the administrative decision; we are prohibited from
substituting our judgment concerning the weight of the evidence for the
administrative law judges=s conclusion that the weight of
the evidence did not rise to a preponderance. 
See, e.g., Mireles, 9 S.W.3d at 131.  We cannot reverse the administrative law
judge=s
decision simply because the evidence might support the inference that Officer
Shepherd learned the above facts before he decided to continue Shaw=s
investigative detention.  See Dep=t of
Pub. Safety v. Hirschman, 169 S.W.3d 331, 337 (Tex. App.CWaco
2005, pet. denied) (reversing county court at law because it Aimproperly
substituted its own judgment by re‑weighing the evidence using the
equally plausible but opposite inferences construct@).








In its second issue, the Department urges us to
remand the case to the administrative law judge because she allegedly
erroneously failed to make findings of fact Aregarding
probable cause to arrest Shaw or her refusal of the alcohol concentration test.@  The Department acknowledges that the error
alleged in its second issue is harmless if the ALJ was correct in holding that
there was not reasonable suspicion.  We
note that the administrative law judge did not hold that there was no
reasonable suspicionCshe simply ruled that the
Department had failed to prove such reasonable suspicion by a preponderance of
the evidence.  Because we have held that
the record reflects some reasonable basis for the administrative law judge=s
ruling, we do not reach the Department=s second
issue.  See Tex. R. App. P. 47.1.  We affirm the ruling of the administrative
law judge and the county court at law.

 

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

CAYCE, C.J., dissents
without opinion.

 

DELIVERED: April 27, 2006











[1]See Tex. R. App. P. 47.4.





[2]Additionally, Shaw=s counsel pointed out
that the record was silent on whether or not other people were in the car, whether
any alcohol was found in the car, whether the car was in a parking lot, on the
side of the road, or outside a restaurant, how long the car had been parked,
Shaw=s posture inside the car,
and whether or not she appeared to be just sleeping.