NUMBER 13-06-414-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


PATRICIA ECHOLS, Appellee.

 

On appeal from the County Court at Law No. 1 


of Calhoun County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, the Texas Department of Public Safety (DPS), appeals the county
court's reversal of the decision of the Administrative Law Judge (ALJ) to sustain the
suspension of the driver's license of appellee, Patricia Echols. By one issue, DPS
contends that the county court erred when it reversed the ALJ's decision on the basis
that the State did not have reasonable suspicion to detain appellee. We reverse and
render.

I. Background


 While heading eastbound on Texas Highway 316 at approximately 1:00 a.m.,
Texas State Trooper Steven Perez observed appellee's vehicle heading westbound. 
Because appellee's vehicle matched the description that a dispatcher had given
Trooper Perez of a possible intoxicated driver, Trooper Perez turned around and
followed appellee's vehicle. He observed appellee's vehicle cross the yellow line in
the center of the roadway and veer back into the westbound lane. Appellee's vehicle
then crossed the white line on the westbound shoulder of the roadway, veered back
across the westbound lane, crossed the yellow line in the center of the roadway, and
veered back into the westbound lane. 

In his report, Trooper Perez stated that he stopped appellee's vehicle because
it "failed to stay in a single lane." Trooper Perez noticed a "strong odor of an alcoholic
beverage" on appellee's breath and asked her to perform several field sobriety tests. 
After appellee performed poorly on the field sobriety tests, Trooper Perez arrested her
for suspicion of driving while intoxicated (DWI). Appellee refused Trooper Perez's
request for a breath specimen, and DPS suspended her driver's license for a period
of 180 days pursuant to section 724.035 of the Texas Transportation Code. See Tex.
Transp. Code Ann. § 724.035 (Vernon Supp. 2006).

 Appellee requested an administrative hearing to review the suspension. The
ALJ found that "reasonable suspicion to stop the defendant existed," and upheld the
suspension. Appellee filed a petition for judicial review in the county court. The
county court reversed the ALJ's decision on the basis that Trooper Perez did not have
reasonable suspicion to stop appellee. This appeal ensued.

II. License Suspension


 By its sole issue, DPS contends that the county court erred when it reversed
the ALJ's decision on the basis that the State did not have reasonable suspicion to
detain appellee. 

A. Standard of Review and Applicable Law

 Courts apply a substantial evidence standard of review when reviewing an
ALJ's suspension of driving privileges. Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d
128, 131 (Tex. 1999); Tex. Dep't of Pub. Safety v. Butler, 110 S.W.3d 673, 675 (Tex.
App.--Houston [14th Dist.] 2003, no pet.); Tex. Dep't of Pub. Safety v. Struve, 79
S.W.3d 796, 800 (Tex. App.--Corpus Christi 2002, pet. denied). The evidence in the
record may amount to substantial evidence even if it preponderates against the ALJ's
decision. See Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc., 665 S.W.2d
446, 452-53 (Tex. 1984). The reviewing court must sustain the ALJ's decision if the
record provides a reasonable basis to support the decision. See id. at 452. The
scope of review is confined to the ALJ record. See Tex. Gov't Code Ann. §
2001.175(e) (Vernon 2000); Dep't of Pub. Safety v. Hirschman, 169 S.W.3d 331, 336
(Tex. App.--Waco 2005, pet. denied). The reviewing court may not substitute its
judgment for that of the ALJ. See R.R. Comm'n v. Torch Operating Co., 912 S.W.2d
790, 792 (Tex. 1995). If the ALJ's decision is supported by more than a mere scintilla
of evidence, the reviewing court must uphold the decision. Butler, 110 S.W.3d at 675. 
The question of whether the record provides more than a mere scintilla of evidence
to support the ALJ's decision is a matter of law, which we review de novo. See
Hirschman, 169 S.W.3d at 336-37; Butler, 110 S.W.3d at 675. When reviewing
matters of law, we give no deference to the county court's findings. Hirschman, 169
S.W.3d at 336-37; Tex. Dep't of Pub. Safety v. Jauregui, 176 S.W.3d 846, 849 (Tex.
App.--Houston [1st Dist.] 2005, pet. denied).

 An individual's refusal to provide a breath or blood specimen results in
automatic suspension of his or her driver's license by the DPS. See Tex. Transp.
Code Ann. § 724.035. An individual may request an administrative hearing to review
the suspension. See id. § 724.041 (Vernon Supp. 2006). The ALJ will uphold the
suspension if the ALJ determines that (1) reasonable suspension or probable cause
existed to stop or arrest the person, (2) probable cause existed to believe that the
person was operating a motor vehicle in a public place while intoxicated, (3) the
person was placed under arrest by the officer and was requested to submit to the
taking of a specimen, and (4) the person refused to submit to the taking of the
specimen. See id. § 724.042. (1)

B. Analysis


 DPS contends that the county court erred when it reversed the ALJ's decision
on the basis that Trooper Perez did not have reasonable suspicion to stop appellee. 
In response, appellee argues that the ALJ improperly admitted, over her hearsay
objection, portions of Trooper Perez's report, without which DPS could not establish
reasonable suspicion. Therefore, before we reach the merits of DPS's issue, we will
first address appellee's hearsay challenge.

1. Appellee's Hearsay-On-Hearsay Objection

Appellee argues that the ALJ erroneously overruled her hearsay-on-hearsay
objection to paragraphs one and two of Trooper Perez's sworn incident report. 
Paragraphs one and two of the incident report read as follows:

 01. On Saturday, June 4, 2005, I was dispatched to TX Hwy 316 in
reference to a possible intoxicated driver. Dispatch gave a description
of the vehicle as a Ford Taurus, 4 door, white in color.

 

 02. I was traveling eastbound on TX Hwy 316. I observed a vehicle
matching the description traveling westbound on TX Hwy 316. I turned
my patrol unit around and pulled behind the vehicle. As I pulled behind
the vehicle, I observed the vehicle veered into the oncoming eastbound
lane by crossing the yellow strip line and cross back into the westbound
lane. The vehicle then crossed the white line on the shoulder of the
roadway in the westbound lane. The vehicle again veered into the
oncoming eastbound lane by crossing the yellow strip line and cross
back into the westbound lane. I then activated the on board camera on
my patrol unit.


 Specifically, appellee contends that Trooper Perez's statement that he was
"dispatched" to be on the lookout for a vehicle matching appellee's is "hearsay (the
caller to the dispatcher) on hearsay (the dispatcher to [Trooper Perez])"; therefore,
appellee argues the ALJ should not have admitted the portions of the report relating
to the dispatch call. Appellee further contends that the remaining portions of the
report do not support the ALJ's finding of reasonable suspicion for the stop. 

 While the entirety of paragraph one of the report references the dispatch call,
only one sentence in paragraph two references the dispatch call. Other than her
hearsay-on-hearsay objection to the dispatch call, appellee did not articulate any
reason for her objection to paragraph two. Therefore, we construe her hearsay-on-hearsay objection to paragraph two as an objection to the ALJ's admission of the
sentence relating to the dispatch call. Accordingly, appellee did not dispute the
remaining portions of paragraph two, and we will consider the remaining portions as
part of the record on appeal. Therefore, even assuming, without deciding, that the
ALJ abused her discretion by admitting the challenged statements, we nevertheless
conclude that their admission was harmless because the unobjected-to portions of
paragraph two provide more than a mere scintilla of evidence to support the element
of reasonable suspicion as set out below. See Tex. R. App. P. 44.1(a)(1); Hughes v.
State, 12 S.W.3d 166, 168 (Tex. App.-Fort Worth 2000, no pet.) (holding that
admission of hearsay testimony was harmless error when other, properly admitted,
evidence supported the verdict); Butler, 110 S.W.3d at 675 (providing that a reviewing
court must uphold an ALJ's decision if it is supported by more than a mere scintilla
of evidence). (2)

2. Reasonable Suspicion

Appellee contends that Trooper Perez's observations that she "failed to stay
in a single lane" did not provide reasonable suspicion for the stop because DPS did
not offer evidence to support every element of a specific traffic offense. We disagree.

 A peace officer may detain an individual when the detaining officer "has specific
facts which, taken together with rational inferences from those facts, lead the officer
to conclude that the person detained is, has been, or soon will be engaged in criminal
activity." Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). If an officer
has a reasonable basis for suspecting that a person has committed a traffic offense,
an officer may legally initiate a traffic stop. Green v. State, 93 S.W.3d 541, 544 (Tex.
App.--Texarkana 2002, pet. ref'd); Tex. Dep't of Pub. Safety v. Fisher, 56 S.W.3d 159,
163 (Tex. App.--Dallas 2001 no pet.). The State is not required to prove that the
individual actually committed a traffic violation, but only that the officer reasonably
believed a violation was in progress. Green, 93 S.W.3d at 545; Fisher, 56 S.W.3d at
163.

Here, the ALJ found that Trooper Perez had reasonable suspicion to stop
appellee. (3) The record before the ALJ established that appellee crossed the yellow
linein the center of the roadway, crossed the white line on the shoulder of the roadway,
and then crossed the yellow line in the center of the roadway again. (4) Although
appellee contends that DPS did not offer proof that she committed every element of
a specific traffic offense, DPS was not required to do so. DPS was only required to
prove that Trooper Perez reasonably believed a violation was in progress. See Green,
93 S.W.3d at 545; Fisher, 56 S.W.3d at 163. Appellee's failure to maintain her vehicle
within a single lane provided Trooper Perez with a reasonable basis to believe that
she had committed a violation of the law. See, e.g., Tex. Transp. Code Ann. § 545.051
(Vernon 1999) (providing that a driver shall drive on the right half of the roadway
unless certain exceptions apply); Id. § 545.058 (providing that a driver may drive on
an improved shoulder, but only under certain conditions); see also Green, 93 S.W.3d
at 545; Fisher, 56 S.W.3d at 163. Because Trooper Perez had a reasonable basis for
suspecting that appellee committed a traffic offense, we conclude that the record
provides more than a mere scintilla of evidence to support the ALJ's finding of
reasonable suspicion for the stop. See Butler, 110 S.W.3d at 675. Thus, we conclude
the county court erred when it reversed the ALJ's decision on the basis that Trooper
Perez did not have reasonable suspicion to stop appellee.

 We sustain DPS's sole issue.

III. Conclusion

 Accordingly, we reverse the county court's judgment and render judgment
reinstating the ALJ's decision.


 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 12th day of July, 2007.
1. The county court reversed the ALJ's decision on the basis that there was not substantial
evidence to support her finding of reasonable suspicion. DPS's appeal, therefore, is limited to whether
the county court erred in reversing the ALJ's decision as it related to reasonable suspicion; DPS does
not appeal the county court's judgment on any other basis. 
2. To the extent appellee may contend that this Court is precluded from considering evidence of
Trooper Perez's observations of appellee's driving on the basis that "the only reason [Trooper Perez's]
attention was drawn to appellee at all was inadmissible," we conclude the briefing is inadequate. See
Tex. R. App. P. 38.2(a)(1) (providing that appellee's brief must conform to the requirements of Rule
38.1); see also id. at rule 38.1(h) (
providing that appellant's brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record). Therefore, we will not
consider such a contention. 
3. The ALJ based her decision in part on a finding that appellee "veered into oncoming traffic
twice and onto the shoulder." Although the record does not show that appellee veered into "oncoming
traffic," we must nevertheless sustain the ALJ's decision if the record, as a whole, provides more than 
a scintilla of evidence to support her decision that reasonable suspicion existed. See Dep't of Pub.
Safety v. Hirschman, 169 S.W.3d 331, 336 (Tex. App.--Waco 2005, pet. denied).
4. While the county court noted at trial and in its judgment that "for the last fifty years there has
been no yellow center line on Highway 316," the scope of review for an administrative hearing is
confined to the ALJ record. See Tex. Gov't Code Ann. § 2001.175(e) (Vernon 2000); Hirschman, 169
S.W.3d at 336. Therefore, we will not consider the county court's statement in our review.