In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00353-CV**
_____

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**SOROSH MIRAZEE REZAEE, Appellee**

**On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 15-28867**

**MEMORANDUM OPINION**

This appeal concerns the administrative suspension of appellee Sorosh Mirazee Rezaee's driver's license under chapter 724 of the Transportation Code. In one issue, appellant Texas Department of Public Safety ("the Department") asserts the trial court erred when it reversed the administrative suspension because substantial evidence supports the Administrative Law Judge's ("ALJ") findings that (1) reasonable suspicion existed to stop the defendant, (2) probable cause existed to believe that the defendant was operating a motor vehicle in a public

1

place while intoxicated, and (3) after the defendant was placed under arrest and asked to provide a specimen of breath or blood, the defendant refused. The Department argues that this Court should reverse the trial court's order and reinstate the administrative suspension. We reverse the trial court's order and render judgment, reinstating the suspension of Rezaee's driver's license.

Background

In November 2014, Deputy T. Conklin of the Montgomery County Sheriff's Office arrested Rezaee for driving while intoxicated. According to Conklin's sworn report, Conklin stopped Rezaee shortly after midnight for driving on a sidewalk in a public parking lot. Upon making contact with Rezaee, Conklin observed that Rezaee's eyes were bloodshot and glassy, his speech was slurred, his breath smelled of alcohol, and he appeared to be in a daze. Rezaee denied drinking alcohol and refused to perform any field sobriety tests. Conklin arrested Rezaee and requested a sample of Rezaee's blood. Rezaee refused. Based on Rezaee's refusal, Conklin served Rezaee with a notice of suspension of his driver's license.

Rezaee requested an administrative hearing to contest the suspension of his driver's license. In April 2015, the State Office of Administrative Hearings ("SOAH") conducted a hearing regarding Rezaee's license suspension. During the administrative hearing, the ALJ admitted Conklin's sworn report into evidence

2

without objection. Conklin also testified during the hearing. Conklin testified that he initially made contact with Rezaee because he observed Rezaee driving his vehicle on a sidewalk located in a parking lot. According to Conklin, Rezaee's vehicle was located halfway from the parking lot to the roadway and was "straddling the sidewalk." Conklin stopped Rezaee, and upon making contact, Conklin noticed signs of intoxication. At that point, Conklin asked Rezaee to submit to some tests to make sure Rezaee was capable of driving, but Rezaee refused. Conklin placed Rezaee under arrest and asked him to provide a specimen, and Rezaee refused.

On cross-examination, Conklin testified that during the stop, he checked in with his radio dispatch and informed them that he had detained Rezaee for a welfare check. In an attempt to determine Conklin's reasoning for initiating the stop, Rezaee's counsel asked Conklin the following question: "So you weren't detaining him because of anything about his driving, you were more concerned about his welfare at the time?" Conklin responded, "Correct." On re-direct, in explaining how he would characterize the difference between a welfare check and a stop, Conklin testified that Rezaee was "operating a motor vehicle and getting ready to pull onto a public roadway, straddling the sidewalk." Conklin explained

3

that when he first observed Rezaee's vehicle, he did not know what Rezaee's issue was because he had not made contact yet.

After Conklin arrested Rezaee, Conklin read Rezaee the DIC-24 statutory warning, and then asked Rezaee to provide a specimen of his breath or blood. Rezaee responded by asking to read the DIC-24 again on his own because he had ADD. According to Conklin, when he was getting ready to take Rezaee to the hospital, Rezaee refused to provide a blood specimen, so Conklin had to get a warrant. Conklin testified that Rezaee never made any affirmative response to his request to provide a specimen.

After hearing the evidence, the ALJ issued the following administrative decision authorizing the Department to suspend Rezaee's driver's license:

### FINDINGS OF FACT

1) On November 21, 2014, reasonable suspicion to stop the Defendant existed, in that Deputy Conklin observed Defendant operating a motor vehicle on Waterway Avenue in Montgomery County, Texas, drive on the sidewalk as he exited the parking lot.

2) On the same date, probable cause to arrest the Defendant existed, in that probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: Deputy Conklin observed the Defendant to have an odor of an alcoholic beverage on Defendant's breath and red, bloodshot eyes. Defendant dropped his driver's license while handing it to Deputy Conklin.

4

3) Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

4) After being requested to submit a specimen of breath or blood, Defendant refused.

## CONCLUSIONS OF LAW

Based on the foregoing, the Judge concludes the Department proved the issues set out in Tex. Transp. Code Ann. § 724.042 and that Defendant's license is subject to a suspension/denial for 180 days pursuant to Tex. Transp. Code Ann. § 724.035

In accordance with the above findings and conclusions, the judge hereby enters the following order:

## ORDER

The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above.

Following the ALJ's ruling, Rezaee appealed the administrative decision to the Montgomery County Court at Law No. 2. *See* Tex. Transp. Code Ann. § 524.041 (West 2013). After holding a hearing, the trial court issued a ruling stating that a review of SOAH's record demonstrated that the "administrative law judge erred by authorizing the suspension of Appellant's license." This appeal followed.

Applicable Law and Standard of Review

A review of an administrative license suspension is conducted under the substantial evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9

S.W.3d 128, 131 (Tex. 1999). When utilizing this standard, a reviewing court may not substitute its judgment for that of the agency. *Id.* (citing Tex. Gov't Code Ann. § 2001.174 (West 2016)). The ALJ is the sole judge of the weight of the evidence. *Dep't of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 336 (Tex. App.—Waco 2005, pet. denied). "The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action." *Mireles*, 9 S.W.3d at 131. Reviewing courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *Id.*

In a contested administrative license suspension case, the Department must prove: (1) there was reasonable suspicion or probable cause to stop or arrest the person; (2) there was probable cause to believe the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest and requested to provide a specimen; and (4) the person refused the request. Tex. Transp. Code. Ann. § 724.042 (West 2011). The Department has the burden of proving these issues by a preponderance of the evidence. *See Hirschman*, 169 S.W.3d at 335. "The burden for overturning an agency ruling is quite formidable." *Tex. Dep't of Pub. Safety v. Pucek*, 22 S.W.3d 63, 67 (Tex. App.—Corpus Christi 2000, no pet.). The ALJ's administrative decision is presumed to be supported by

substantial evidence, and the burden is on the appellant to prove that the decision should be reversed. *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994).

A trial court shall reverse or remand an ALJ's decision if substantial rights of the appellant have been prejudiced because the ALJ's decision is not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. *See* Tex. Gov't Code Ann. § 2001.174(2)(E) (West 2016); *Tex. Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 138-39 (Tex. App.—San Antonio 1999, pet. denied). "'Substantial evidence' exists if reasonable minds could have reached the same conclusion." *Fecci*, 989 S.W.2d at 139. "Any evidentiary ambiguities should be resolved in favor of the administrative order with a finding of substantial evidence to support the ALJ's decision." *Hirschman*, 169 S.W.3d at 336. Even if the evidence in the record actually preponderates against the ALJ's decision, it can still amount to substantial evidence. *See City of El Paso*, 883 S.W.2d at 185.

Under the substantial evidence standard, appellate courts review the ALJ record to determine whether there is substantial evidence to support the ALJ's decision, and we review the trial court's determination *de novo*. *Hirschman*, 169 S.W.3d at 336. Because the question of whether the ALJ's determination meets the

substantial evidence standard is a question of law, we do not afford any deference to the trial court's determination. *Id.* at 336-37. Thus, our scope of review is confined to the ALJ record. *Id.*; *see* Tex. Gov't Code Ann. § 2001.175(e) (West 2016).

## Analysis

In its sole issue on appeal, the Department maintains that the trial court erred by reversing the ALJ's decision sustaining Rezaee's driver's license suspension. The Department argues that the trial court had no authority to reverse the suspension because substantial evidence exists to support the ALJ's findings that (1) reasonable suspicion existed to stop Rezaee for committing a traffic offense, (2) probable cause existed to arrest Rezaee for driving while intoxicated, and (3) Rezaee refused to submit to the taking of a specimen. The Department also contends that the record fails to show that Rezaee's substantial rights have been prejudiced.

We first address whether there is substantial evidence to support the ALJ's finding that reasonable suspicion existed to stop Rezaee for driving on the sidewalk. "Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has, or soon will be, engaged in

8

criminal activity." *Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008) (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). "To support a reasonable suspicion, the articulable facts must show 'that some activity out of the ordinary has occurred, some suggestion to connect the detainee to the unusual activity, and some indication that the unusual activity is related to crime.'" *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (quoting *Meeks v. State*, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983)).

If an officer has a reasonable basis for suspecting a person has committed a traffic offense, he may initiate a stop. *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.). There is no requirement to show that a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress. *Id.* Our review of the ALJ record shows that Conklin initially made contact with Rezaee because he observed Rezaee driving his vehicle on a sidewalk. Conklin described Rezaee's vehicle as "straddling the sidewalk." Based on Conklin's observations, Conklin could have reasonably concluded that Rezaee had committed a traffic offense. *See* Tex. Transp. Code Ann. § 545.422 (West 2011) (providing that a person may not drive a motor vehicle on a sidewalk or a sidewalk area).

9

Rezaee argues that there was conflicting evidence presented during the administrative hearing concerning whether Conklin stopped Rezaee for committing a traffic offense or whether Conklin was conducting a community caretaking stop. The Department acknowledges that the evidence was conflicting. Our review of the record shows that in addition to testifying that he observed Rezaee driving on the sidewalk, Conklin testified that he was concerned about Rezaee's welfare and that when he first observed Rezaee's vehicle, he did not know what Rezaee's issue was. The ALJ was free to believe the evidence supporting Conklin's testimony that he stopped Rezaee for driving on the sidewalk and free to disregard the evidence supporting Conklin's testimony that he was effecting a community caretaking stop. *See Tex. Dep't of Pub. Safety v. Vasquez*, 225 S.W.3d 47, 54 (Tex. App.—El Paso 2005, no pet.). The trial court cannot disregard the ALJ's factual determinations when there is conflicting evidence and replace the ALJ's decision with its own. *See Mireles*, 9 S.W.3d at 131. We conclude that there is substantial evidence in the record to support the ALJ's finding of reasonable suspicion to stop based on Conklin having observed Rezaee driving on the sidewalk.

The Department also argues that substantial evidence was presented to support the ALJ's finding that probable cause existed to believe Rezaee was operating a motor vehicle in a public place while intoxicated and to arrest Rezaee.

We agree. The ALJ record provides that Rezaee's breath smelled of alcohol, his eyes were bloodshot and glassy, his speech was slurred, and he appeared to be in a daze. The record reflects that the ALJ's finding that probable cause existed is supported by more than a scintilla of evidence; thus, the trial court should have affirmed that finding. *See Hirschman*, 169 S.W.3d at 336. We conclude that there is substantial evidence to support the ALJ's findings that probable cause existed.

The Department also maintains that there is substantial evidence in the ALJ record to support the ALJ's finding that Rezaee refused to submit to a specimen of breath or blood. The ALJ record includes Conklin's sworn report and the DIC-24, which both indicate that Rezaee refused to provide a blood sample. During the administrative hearing, Conklin testified that Rezaee refused to provide a specimen of his blood and that Conklin had to get a warrant. We conclude that the assertions contained in Conklin's sworn report, coupled with Conklin's testimony, constitute substantial evidence to support the ALJ's finding that Rezaee refused to submit a blood specimen. *See Hirschman*, 169 S.W.3d at 336; *Tex. Dep't of Pub. Safety v. Kusenberger*, 29 S.W.3d 154, 156-57 (Tex. App.—San Antonio 2000, no pet.) (op. on reh'g).

However, we note that Rezaee's counsel argued to the trial court that the evidence did not support the ALJ's finding that Rezaee refused to provide a breath

specimen. Having reviewed the ALJ record, we agree that substantial evidence does not support the ALJ's express finding that Rezaee refused to provide a breath specimen. Thus, the ALJ was incorrect in making that finding. However, a county court is not authorized to reverse the ALJ's decision unless the decision prejudices the appellant's substantial rights. *See Tex. Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex. App.—Houston [14th Dist.] 1997, no writ.).

Under Texas law, a driver's refusal to provide a specimen of breath or blood is grounds for suspension. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.035 (West 2011); *Kusenberger*, 29 S.W.3d at 156-57. The ALJ is not required to specify the type of specimen refused. *See* Tex. Transp. Code Ann. §§ 724.042, 724.043 (West 2011); *Kusenberger*, 29 S.W.3d at 156-57. Additionally, the length and severity of the suspension is the same regardless of the type of specimen refused. *See* Tex. Transp. Code Ann. § 724.035. We conclude the ALJ's written mistake as to the type of specimen that Rezaee refused did not prejudice his substantial rights. *See Tex. Dep't of Pub. Safety v. Turcios*, No. 13-14-00332-CV, 2016 WL 3225491, at *4 (Tex. App.—Corpus Christi June 9, 2016, no pet.) (mem. op.).

After reviewing the trial court's judgment *de novo*, we conclude that the ALJ record contains substantial evidence to support the ALJ's decision to suspend

Rezaee's driver's license. *See Hirschman*, 169 S.W.3d at 336. Therefore, the trial court erred in reversing the ALJ's decision. We sustain the Department's sole issue, reverse the trial court's judgment, and render judgment upholding the ALJ's decision. Accordingly, the ALJ's order authorizing the suspension of Rezaee's drivers' license is reinstated.

   REVERSED AND RENDERED.

         _____
         STEVE McKEITHEN
         Chief Justice

Submitted on August 11, 2016
Opinion Delivered October 20, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.