NO. 07-01-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 29, 2002

_____

STEVEN F. MARTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2000-468691; HONORABLE RUSTY LADD, JUDGE

_____

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[1]

Appellant Steven F. Martin challenges his conviction for driving while intoxicated after his plea of guilty and the resulting sentence of 120 days confinement in the Lubbock County Jail by contending the trial court erred in overruling his motion to suppress his

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

traffic stop and arrest. Disagreeing that reversal is required, we affirm the judgment of the trial court.

Appellant argues that because there was no warrant for him at the time he was stopped, the State must show the reasonableness of the traffic stop. However, he contends, Officer Brent Collins was unable to point to specific articulable facts that justified the stop for any alleged traffic violation. In support of that proposition, appellant asserts that the officer was confused as to his and appellant's respective locations on the night in question and it was impossible for appellant to have made a right turn as described by the officer. Further, he reasons, because the officer's testimony was replete with inconsistencies, Collins's credibility is called into question.

In reviewing a motion to suppress, we must give almost total deference to a trial court's determination of facts, especially when they are based on an evaluation of credibility and demeanor, while we review *de novo* the court's application of the law to those facts unless that resolution turns on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex.Crim.App. 1997). Once a defendant establishes that a search or seizure occurred without a warrant, the burden is on the State to prove the reasonableness of the search or seizure. *Russell v. State*, 717 S.W.2d 7, 9-10 (Tex.Crim.App. 1986). A seizure is reasonable without a warrant when the stop is brief and limited to confirming or dispelling the officer's reasonable belief that a crime has occurred or is about to occur. *Terry v. Ohio*, 392 U.S. 1, 29, 88 S.Ct. 1868, 20 L.Ed.2d 889

(1968). The officer must be able to point to "specific and articulable facts, which taken together with rational inferences from those facts," support the suspicion that the person has, or soon will be, engaged in criminal activity. *Woods v. State,* 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). This rule also applies to traffic stops. *U. S. v. Brignoni-Ponce,* 422 U.S. 873, 880-81, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

At the suppression hearing, Officer Collins was asked to explain why appellant was stopped:

> A. Mr. Martin was stopped because he made an extremely wide and fast right-hand turn onto the 100 block of West Geneva from the 900 block of South Pine Street. He then made an extremely fast and wide turn to the left onto the 800 block of South Eighth Street.
>
> Q. And was it at that time that you stopped the Defendant?
>
> A. Yes, ma'am.
>
> Q. As far as the Defendant's actions that you've spoken of the way he was - - was - - the way he was driving, let me ask you if you were to have ticketed - - given him a citation for his driving behavior, what tickets would you have given him?
>
> A. I issued him a citation for making a wide right-hand turn, for driving on the wrong side of the road, for failure to control speed.
>
> Q. And did you give Mr. Martin any of those citations?
>
> A. No, ma'am, I did not.
>
> Q. And why did you not?
>
> A. I arrested him for driving while intoxicated.

Q. And is it within your discretion to decide whether or not to give a - - to give a ticket as well as arrest him for DWI?

A. Yes, Ma'am.

Q. Let me just ask you, just to clarify, would you say that the Defendant was driving at a speed that was greater than reasonable?

A. Yes, ma'am.

Q. Given the circumstances?

A. Yes, ma'am.

Q. And what was your fear, what was - - what - - what were you thinking when you stopped him?

A. I thought he was running from someone as fast as he was going. I mean, he was going considerably fast, and making unusually wide and sharp fast turns and it was just - - I thought he was running from somebody when I first spotted him.

Q. How would you describe his driving?

A. Reckless.

Appellant argues that the first alleged violation was impossible because South Pine Street in Slaton does not intersect with West Geneva Street. Thus, appellant could not have made the alleged right hand turn from the 900 block of South Pine Street to the 100 block of West Geneva as he testified. Further, he asserts, because an officer "employed in a small town for three years would have great familiarity with street names and block numbers," the officer's confusion raises "serious questions of credibility as to the officer's testimony."

4

Even if we believe that the officer actually saw the vehicle turn as he claims to have done, appellant alleges that the State has still failed to meet its burden of proof because the street did not have divider lines, the officer could not specifically state how close appellant came to the curb on his right turn, it was 11:30 p.m. and thus dark at the time the officer observed the vehicle, the officer observed the vehicle from three blocks away, he had no radar and could only estimate that appellant was traveling 40 m.p.h. at the time of the turn, and it is unlikely that a pickup truck could make a 90 degree turn traveling 40 m.p.h. Therefore, he reasons, the officer failed to state reasons from which an assumption can be made that section 545.101 of the Transportation Code, which requires a right hand turn be made as close as practical to the right hand curb or the edge of the roadway, had been violated.

The State is not required to prove that a defendant actually violated a traffic law in order to justify a stop, but only need elicit testimony that the officer knew sufficient facts to reasonably suspect he had violated a traffic law. *McQuarters v. State*, 58 S.W.3d 250, 255 (Tex.App.--Fort Worth 2001, pet. ref'd); *Texas Dept. of Public Safety v. Fisher,* 56 S.W.3d 159, 163 (Tex.App.--Dallas 2001, no pet.). The determination is based on the totality of the circumstances, and there is no requirement that a particular statute be violated to give rise to reasonable suspicion. *Texas Dept. of Public Safety v. Bell*, 11 S.W.3d 282, 284 (Tex.App.--San Antonio 1999, no pet.). In this instance, one of the statutes in question provides that to "make a right turn at an intersection, an operator shall

5

make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway." Tex. Transp. Code Ann. § 545.101(a) (Vernon 1999).

In support of appellant's proposition that sufficient facts did not exist for Officer Collins to have stopped him, he relies on our prior decision in *Richardson v. State*, 39 S.W.3d 634 (Tex.App.--Amarillo 2000, no pet.). In that case, we noted that the officer did not give consistent testimony as to why he stopped the defendant. On direct examination, he stated that he stopped the defendant for impeding traffic and, on cross-examination, he stated that he believed the driver was intoxicated. *Id.* at 638. We found the evidence insufficient to support a reasonable suspicion that the defendant was impeding traffic because there was no minimum speed established for that particular highway, there was little or no traffic on the road for the defendant to impede and what traffic existed had no trouble passing. *Id.* at 638-39. Further, there was evidence that the defendant was traveling only 10 m.p.h. under the speed limit, which the officer stated would not have posed a safety problem. *Id.* at 639. We also found that merely traveling under the speed limit did not justify an investigatory stop for driving while intoxicated. *Id.* at 640.

In contrast, Officer Collins was consistent in his testimony as to the reasons he stopped appellant. Appellant was driving over the speed limit and made a wide right turn. The officer testified that he cited appellant for a wide right turn, for driving on the wrong side of the road, and for failure to control his speed, although he did not actually give the citations to appellant. Even though Officer Collins did not have a radar gun, he stated that

he was driving the 30 m.p.h. speed limit and that appellant was traveling at a faster speed, which he estimated to be 40 m.p.h. He also stated that the right hand turn made by appellant was wide enough that appellant was close to the left hand curb. We believe the officer had articulable facts from which he could reasonably believe that a traffic violation had occurred.

Further, on cross-examination, the officer testified that appellant was driving on Ninth Street headed north, instead of on Pine Street as he had previously testified when he first observed him. The fact that it might have been dark, Collins may have observed the turn from three blocks away and whether a pickup truck could negotiate a turn at 40 m.p.h. are matters that affect the credibility of the testimony. Any inconsistencies in the testimony as to the location of the vehicles, the street names and any questions as to the officer's credibility are to be resolved by the trial court, and we must defer to its consideration of those issues, which the court obviously found in favor of the officer.

Appellant also argues that the second turn made from West Geneva onto South Eighth Street failed to meet the applicable standard of review. Although Officer Collins stated that the turn was wide, he admitted that it was not an illegal turn. Nevertheless, we have already found he was justified in stopping appellant based on an illegal right turn onto West Geneva Street. Finding no abuse of discretion on the part of the trial court in denying the motion to suppress, we affirm the judgment of the trial court.

John T. Boyd
Senior Justice

Do not publish.

8