Opinion issued December 8, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01142-CR




COLIN RHEA MATTHEWS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1243768




MEMORANDUM OPINION
          Appellant, Colin Rhea Matthews, was charged by information with driving
while intoxicated, a Class B misdemeanor. After the trial court denied appellant’s
motion to suppress the evidence seized as a result of his arrest, appellant entered a
plea of guilty, and the trial court sentenced him to confinement for 180 days,
suspended for one year of community supervision, and a fine of $300. On appeal,
appellant challenges the trial court’s denial of his motion to suppress. We affirm. 
BACKGROUND
          At the hearing on appellant’s motion to suppress, Officer Thad Olive testified
that he observed appellant driving east on Albans Street approaching the Kirby Drive
intersection. Olive testified that appellant did not stop at the stop sign, but was
“almost into the intersection prior to stopping.” Olive also stated that appellant
stopped somewhere near a utility pole. Olive testified that appellant “stopped at an
unsafe point.” Olive further testified that he initiated a traffic stop because he
believed that appellant had run the stop sign. 
          Both the State and appellant introduced photographs of the Albans-Kirby
intersection. Some of appellant’s photographs, taken approximately two weeks after
appellant’s arrest, showed a crosswalk and stop line on Albans Street marked by a
series of round road humps. The photographs also showed the stop sign near the
marked stop line and a utility pole a short distance past the crosswalk. 
          The trial court found that Olive had a reasonable suspicion to believe that
appellant ran the stop sign or did not stop at the appropriate spot. 
DISCUSSION
Standard of Review
          Generally, the standard for reviewing a trial court’s ruling on a motion to
suppress evidence is abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.
Crim. App. 1999). However, a trial court’s determination regarding reasonable
suspicion is reviewed de novo. Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App.
1997). 
Reasonable Suspicion
          A police officer may stop and briefly detain a person for investigative purposes
if the officer has a reasonable suspicion, supported by articulable facts, that the
person detained actually is, has been, or soon will be engaged in criminal activity. 
Tex. Dep’t of Pub. Safety v. Fisher, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no
pet.). The State has the burden to establish the reasonableness of the stop. Id. If an
officer has a reasonable basis for suspecting that a person has committed a traffic
offense, the officer may legally initiate a traffic stop. Id. The State is not required
to show that a traffic offense was actually committed, but only that the officer
reasonably believed that a violation was in progress. Id. 
          Here, the officer stopped appellant because appellant did not stop at the stop
sign, but drove through the crosswalk and stopped “almost into the intersection.” The
Transportation Code provides, 
(a) Unless directed to proceed by a police officer or traffic-control
signal, the operator of a vehicle or streetcar approaching an intersection
with a stop sign shall stop as provided by Subsection (c).
 
. . . . 
 
(c) An operator required to stop by this section shall stop before
entering the crosswalk on the near side of the intersection. In the
absence of a crosswalk, the operator shall stop at a clearly marked stop
line. In the absence of a stop line, the operator shall stop at the place
nearest the intersecting roadway where the operator has a view of
approaching traffic on the intersecting roadway. 

Tex. Transp. Code Ann. § 544.010 (Vernon 1999). The Transportation Code further
provides, “Any peace officer may arrest without warrant a person found committing
a violation of this subtitle.” Id. § 543.001 (Vernon 1999). 
          Appellant relies on Vicknair v. State, 751 S.W.2d 180 (Tex. Crim. App. 1986), 
to support his contention that his investigative stop was illegal. In Vicknair, an
officer stopped the appellant because the officer saw some white light coming
through the appellant’s cracked tail light, which also emitted a visible red light. Id.
at 187. As a result of the stop, the officer discovered marijuana in the appellant’s car. 
Id. The officer had been taught at the police academy that any visible white light
coming from the tail light was a violation of the traffic laws. Id. The court of appeals
rejected the officer’s “good faith” belief that the appellant had violated a traffic law 
because what the officer observed was not such a violation, and his “well-intentioned
but mistaken belief that it did [would] not legitimate this search.” Id. at 188. The
Court of Criminal Appeals affirmed the holding and the reasoning of the court of
appeals. Id.
          In the present case, Olive testified that he observed appellant drive through the
stop sign and “almost into the intersection” before stopping. We conclude that Olive
could have reasonably believed that appellant was violating subsection (c) of section
544.010 of the Transportation Code. Accordingly, the trial court did not err in
denying appellant’s motion to suppress the evidence. 
          We affirm the judgment. 
 

                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).