COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-028-CR

TERRESA WALLIS HARRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Terresa Wallis Harris appeals from her conviction for possession of methamphetamine.  In a single issue, appellant complains that the trial court improperly denied her motion to suppress.  We affirm.

Deputy Sanchez stopped appellant for committing a traffic violation.  Appellant argues that Sanchez lacked reasonable suspicion to make the stop; therefore, the trial court should have suppressed the evidence of appellant’s methamphetamine possession that Sanchez discovered as a result of the stop.  
 We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.
(footnote: 2)  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.
(footnote: 3)  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.
(footnote: 4)  
When, as here, the record is silent on the reasons for the trial court’s ruling, we imply the necessary fact findings to support the ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.
(footnote: 5)  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling.
(footnote: 6)
 If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop.
(footnote: 7)  Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity.
(footnote: 8)
 Sanchez and appellant gave conflicting testimony at the suppression hearing.  
Sanchez testified that, at about 8:50 a.m. on April 22, 2006, he was traveling behind appellant’s car on a two-lane rural road.  He observed the car twice cross “a foot or so” over the double yellow no-passing lines in the middle of the road.  Based on this conduct, Sanchez stopped appellant for committing a traffic violation.

Appellant, on the other hand, testified that she did not see a double line, she did not drive over a yellow line that she knew of, and she was never on the wrong side of the road.  She testified that she had no idea why she was being pulled over.  She acknowledged, however, that she told Sanchez that her car’s front end was “out of line” after he explained the reason for the stop.

A person may not drive on the left side of the road in a no-passing zone or on the left side of any pavement striping designed to mark a no-passing zone.
(footnote: 9)  Here, Deputy Sanchez testified that he observed appellant doing just that.  It was within the province of the trial court, as trier of fact, to choose to believe Sanchez and disbelieve appellant.  Thus, the record supports the trial court’s implied finding that Sanchez stopped appellant because she crossed over the no-passing lines in the middle of the road, and the trial court’s ruling denying the motion to suppress is correct on this basis.  Accordingly, we overrule appellant’s issue and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 3, 2008 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Amador v. State
, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

3:
Wiede v. State
, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), 
modified on other grounds by State v. Cullen
, 195 S.W.3d 696 (Tex. Crim. App. 2006).

4:
Amador
, 221 S.W.3d at 673.

5:
State v. Kelly,
 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).

6:
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004).

7:
Tex. Dep’t of Pub. Safety v. Fisher,
 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.).

8:
Ford v. State,
 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

9:
Tex. Transp. Code Ann.
 § 545.055(b) (Vernon 1999); 
Rodriguez v. State,
 No. 05-06-00939-CR, 2007 WL 404193, at *2 (Tex. App.—Dallas Feb. 7, 2007, no pet.) (not designated for publication).