COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-028-CR

 

 

TERRESA WALLIS HARRIS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Terresa Wallis Harris appeals
from her conviction for possession of methamphetamine.  In a single issue, appellant complains that
the trial court improperly denied her motion to suppress.  We affirm.













Deputy Sanchez stopped
appellant for committing a traffic violation. 
Appellant argues that Sanchez lacked reasonable suspicion to make the
stop; therefore, the trial court should have suppressed the evidence of appellant=s methamphetamine possession that Sanchez discovered as a result of
the stop.      We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.[2]  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[3]  Therefore, we give almost total deference to
the trial court=s rulings on
(1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.[4]  When, as here, the record is silent on the
reasons for the trial court=s ruling, we imply the necessary fact findings to support the ruling
if the evidence, viewed in the light most favorable to the trial court=s ruling, supports those findings.[5]  We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case, even if the trial court gave the wrong reason
for its ruling.[6]

If an officer has a
reasonable basis for suspecting that a person has committed a traffic offense,
the officer may legally initiate a traffic stop.[7]  Reasonable suspicion exists if the officer
has specific, articulable facts that, when combined with rational inferences
from those facts, would lead him to reasonably conclude that a particular
person actually is, has been, or soon will be engaged in criminal activity.[8]

Sanchez and appellant gave
conflicting testimony at the suppression hearing.  Sanchez testified that, at about 8:50 a.m. on
April 22, 2006, he was traveling behind appellant=s car on a two-lane rural road. 
He observed the car twice cross Aa foot or so@ over the
double yellow no-passing lines in the middle of the road.  Based on this conduct, Sanchez stopped
appellant for committing a traffic violation.








Appellant, on the other hand,
testified that she did not see a double line, she did not drive over a yellow
line that she knew of, and she was never on the wrong side of the road.  She testified that she had no idea why she
was being pulled over.  She acknowledged,
however, that she told Sanchez that her car=s front end was Aout of line@ after he explained the reason for the stop.

A person may not drive on the
left side of the road in a no-passing zone or on the left side of any pavement
striping designed to mark a no-passing zone.[9]  Here, Deputy Sanchez testified that he
observed appellant doing just that.  It
was within the province of the trial court, as trier of fact, to choose to
believe Sanchez and disbelieve appellant. 
Thus, the record supports the trial court=s implied finding that Sanchez stopped appellant because she crossed
over the no-passing lines in the middle of the road, and the trial court=s ruling denying the motion to suppress is correct on this basis.  Accordingly, we overrule appellant=s issue and affirm the trial court=s judgment.   

 

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; LIVINGSTON and MCCOY,
JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 3, 2008                              











[1]See Tex. R. App. P. 47.4.





[2]Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[3]Wiede
v. State, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified on other
grounds by State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).





[4]Amador, 221
S.W.3d at 673.





[5]State
v. Kelly, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).





[6]Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert.
denied, 541 U.S. 974 (2004).





[7]Tex.
Dep=t of
Pub. Safety v. Fisher, 56 S.W.3d 159, 163 (Tex. App.CDallas
2001, no pet.).





[8]Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).





[9]Tex. Transp. Code Ann. '
545.055(b) (Vernon 1999); Rodriguez v. State, No. 05-06-00939-CR, 2007
WL 404193, at *2 (Tex. App.CDallas Feb. 7, 2007, no pet.)
(not designated for publication).