Opinion filed December 17, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 17,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00103-CR 

                                                     __________

 

                              MERLIN
McKINNLEY PETIT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,  Appellee

 

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. D-34,686

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted appellant, Merlin McKinnley Petit, of possession of a controlled
substance (cocaine).  After making affirmative findings on the State=s enhancement allegations, 
the trial court assessed appellant=s
sentence at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of thirty-three years.  Appellant challenges his
conviction in a single issue.  He contends that the trial court erred in
denying his motion to suppress the physical evidence seized from him by police
officers.  We affirm.








                                                               Background
Facts

In
the early morning hours of August 27, 2007, Officer Alexandro Jurado of the
Odessa Police Department was working as a patrol officer assigned to a
department program referred to as APD
Stat.@  He described
the program as an effort to concentrate on problem areas in the city.  He and
his partner were assigned to work motels located around the intersection of AParkway and 80@ to concentrate on
activities involving narcotics and other crimes.

At
approximately 1:30 a.m., Officer Jurado observed appellant walk across the
middle portion of Parkway Street into the parking lot of the Quality Inn. 
Officer Jurado initiated a stop of appellant based upon this observation.  In
this regard, Officer Jurado testified that appellant committed a violation of
the traffic code by crossing in the middle of the roadway rather than at the
intersection of the road.  See Tex.
Transp. Code Ann. '
552.005(b) (Vernon 1999).  Officer Jurado observed that appellant was clenching
something in his hand upon encountering him and that he started making
movements with his hands toward his waistband.  Officer Jurado attempted to
frisk appellant to determine the item being held in his hand, but appellant
refused.  Officer Jurado then placed appellant in handcuffs in order to conduct
a protective search.  Officers subsequently found a baggie containing white
rocks in appellant=s
hand.

                                                              Standard
of Review

A
trial court=s denial
of a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We use a bifurcated
standard of review in analyzing the trial court=s
ruling. Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).
When a trial court=s
fact findings are based on an evaluation of witness credibility or demeanor,
almost total deference is given to its factual determinations that are
supported by the record.  St. George v. State, 237 S.W.3d 720, 725 (Tex.
Crim. App. 2007). However, on mixed questions of law and fact that do not turn
on the trial court=s
evaluation of witness credibility and demeanor, we conduct a de novo review.  Amador,
221 S.W.3d at 673.  When, as here, no findings of fact were requested or filed,
we review the evidence in the light most favorable to the trial court=s ruling and assume that
the trial court made implicit findings of fact supported by the record.  See
State v. Ross, 32 S.W.3d 853, 855‑56 (Tex. Crim. App. 2000).








                                                                        Analysis

In
a single issue, appellant argues that the record does not establish that the
police officers had a sufficient basis for stopping him as he walked across the
street into the motel parking lot.  Specifically, he contends that the State
did not establish a violation of Section 552.005(b) because  A[t]he record is devoid of
any mention as to whether or not the intersection of Highway 80 and Parkway had
traffic signals in operation.@ 
In this regard, that statute provides as follows: ABetween adjacent intersections at which
traffic control signals are in operation, a pedestrian may cross only in a
marked crosswalk.@

The
initial burden of proof on a motion to suppress evidence on the basis of a
Fourth Amendment violation rests with the defendant.  Torres v. State,
182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Russell v. State, 717 S.W.2d
7, 9 (Tex. Crim. App. 1986). The defendant meets this burden by demonstrating
that the search or seizure occurred without a warrant. Torres, 182
S.W.3d at 902; Russell, 717 S.W.2d at 9. Thereafter, the burden shifts
to the State to prove the reasonableness of the warrantless search.  Torres,
182 S.W.3d at 902; Russell, 717 S.W.2d at 9‑10.

The
trial court conducted a pretrial hearing on appellant=s motion to suppress.  Ordinarily, we would
only consider evidence adduced at the suppression hearing in determining
whether a trial court=s
decision on a motion to suppress is supported by the record because the trial
court=s ruling was
based on it rather than evidence presented later at trial. Rachal v. State,
917 S.W.2d 799, 809 (Tex. Crim. App. 1996).  However, where, as in this cause,
the suppression issue has been consensually re‑litigated by the parties
during the trial on the merits, we may also consider relevant trial evidence in
our review.[1] Id.
Therefore, in reviewing the trial court=s
ruling on appellant=s
motion to suppress, we will consider the evidence adduced at the suppression
hearing and relevant trial evidence.








Under
Terry v. Ohio, 392 U.S. 1 (1968), the police can stop and briefly detain
a person for investigative purposes if they have a reasonable suspicion
supported by articulable facts that criminal activity may be afoot. United
States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at
30).  Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that, when combined
with rational inferences from those facts, would lead him to reasonably
conclude that a particular person is, has been, or soon will be engaged in
criminal activity.  Ford v. State, 158 S.W.3d 488, 492‑93 (Tex.
Crim. App. 2005).  This is an objective standard that disregards any subjective
intent of the officer making the stop and looks solely to whether an objective
basis for the stop exists. Id. at 492.  Because reasonable suspicion is
an objective determination, the officer=s
motives for conducting the stop are irrelevant to the validity of the stop.  Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  Whether the totality
of the circumstances is sufficient to support an officer=s reasonable suspicion is a legal question
that we review de novo.  See Madden v. State, 242 S.W.3d 504, 517 (Tex.
Crim. App. 2007).

It
has long been true that a violation of the traffic code can constitute a
reasonable basis for a detention. Whren v. United States, 517 U.S. 806,
810 (1996).  If an officer has a reasonable basis for suspecting a person has
committed a traffic offense, the officer may legally initiate a stop.  See
Tex. Dep=t of
Pub. Safety v. Fisher, 56 S.W.3d 159, 163 (Tex. App.CDallas 2001, no pet.); Tex. Dep=t of Pub. Safety v. Chang,
994 S.W.2d 875, 877 (Tex. App.CAustin
1999, no pet.).  The State is not required to show that a traffic offense was
actually committed with absolute certainty in order to show reasonable
suspicion.  Garcia, 43 S.W.3d at 530; see McQuarters v. State, 58
S.W.3d 250, 255 (Tex. App.CFort
Worth 2001, pet. ref=d);
Fisher, 56 S.W.3d at 163.

Officer
Jurado testified that he observed appellant walking across Parkway in the
middle of the block rather than at the intersection.  Officer Jurado testified
as follows in this regard at trial:

What
happened is we were driving down along the strips and we were in front of John=s Steak House right on the
service road.  I looked up and I looked down Parkway and I saw a subject
walking across the street making their way toward the Quality Inn.  At that
time I waited for the light to come through, went through the
intersection, came around into the parking lot, at which point we saw the
subject, he had gotten a little bit closer to us, and we initiated contact with
him (emphasis added).

 

The emphasized
portion of Officer Jurado=s
above-quoted testimony establishes that the intersection 








of Parkway and
Highway 80 is controlled by traffic signal lights.  Furthermore, a video taken
from the front dash of Officer Jurado=s
patrol car was admitted into evidence.  The video depicts the presence of
signal lights at the intersection of Parkway and Highway 80 as Officer Jurado
transported appellant away from the motel parking lot.  This evidence refutes
appellant=s contention
that there is no evidence of traffic signal lights at the adjacent
intersection.  

Based
upon our de novo review of the record, we conclude that circumstances existed
that allowed Officer Jurado to reasonably conclude that appellant violated
Section 552.005(b) of the Transportation Code.  Accordingly, the trial court
did not abuse its discretion in denying appellant=s
motion to suppress.  Appellant=s
sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

December 17,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant has directed the bulk of the record
references in his brief to the reporter=s
record from the trial rather than the reporter=s
record from the pretrial suppression hearing.