**Reverse and Remand; Opinion Filed July 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01032-CR

### THE STATE OF TEXAS, Appellant
### V.
### JERRY GUTIERREZ, Appellee

### On Appeal from the County Court at Law No. 3
### Collin County, Texas
### Trial Court Cause No. 003-88020-2012

## OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

The State of Texas brings this appeal from the trial court's granting of Jerry Gutierrez's

motion to suppress evidence obtained during a traffic stop. In a single issue, the State contends

the trial court erred in determining that the police officer who stopped Gutierrez had no basis for

initiating the detention. After examining the record, we conclude the trial court applied an

incorrect legal standard when it concluded no justifiable basis existed for the stop. We further

conclude that, applying the correct legal standard, the uncontradicted evidence supports a finding

of reasonable suspicion. Accordingly, we reverse the trial court's order and remand the cause for

further proceedings.

**FACTUAL BACKGROUND**

On the evening of October 9, 2012, Officer Julio Vargas was travelling south in the right-hand lane of the Dallas Parkway service road in Frisco, Texas. A white car was several car lengths ahead of Officer Vargas in the left-hand lane. As both cars approached an intersection, an SUV being driven by Gutierrez emerged from the left in a dedicated U-turn lane running underneath the parkway overpass. The U-turn lane had a yield sign.

When Gutierrez's SUV came into view, the driver of the white car in the left lane applied his brakes. The SUV then rounded the curve to head south in the U-turn lane and the driver of the white car again applied his brakes briefly. According to Gutierrez, he accelerated the SUV to "full highway speed" because the white car was still travelling faster than he was. As the SUV moved from the U-turn lane into the left lane of the service road directly in front of the white car, the driver of the white car applied his brakes for two or three more seconds. The entire incident was recorded by a dashboard video camera in Officer Vargas's patrol car.

Officer Vargas pulled the SUV over to investigate Gutierrez's failure to yield the right-of-way. During the investigatory stop, Officer Vargas determined that Gutierrez was intoxicated and Gutierrez was charged with driving while intoxicated. Gutierrez filed a motion to suppress the evidence obtained during the traffic stop on the grounds that the stop was made without a warrant, probable cause, or reasonable suspicion.

At the hearing on the motion, Officer Vargas testified that he observed Gutierrez's SUV move from the U-turn lane controlled by a yield sign into the left lane and the driver of the white car travelling in the left lane "had to apply [his] brakes several times to avoid crashing into the SUV." Officer Vargas further testified that the white car had to slow down very quickly to avoid a collision. Under Texas law, an operator of a motor vehicle approaching an intersection on a roadway controlled by a yield sign must "yield the right-of-way to a vehicle in the intersection or

approaching on another highway so closely as to be an immediate hazard to the operator's movement in or across the intersection." TEX. TRANSP. CODE ANN. § 545.153 (West 2011).

The video recording from Officer Vargas's dashboard camera was put into evidence at the hearing. After reviewing the video, the trial court stated that, although the situation involved a hazard, it did not involve an "immediate hazard" because "the car in the back didn't slam on the brakes, it tapped them." Because there was no "immediate hazard," the court concluded Gutierrez should not have been be stopped for a failure to yield. The trial court granted the motion to suppress and the State brings this appeal.

## ANALYSIS

The issue presented in this case is whether the trial court correctly determined that Officer Vargas was not justified in stopping Gutierrez based on a reasonable suspicion that he failed to yield the right-of-way. When reviewing a trial court's ruling on a motion to suppress, we use a bifurcated standard of review. *See Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts that do not turn on credibility and demeanor. *Id*. Deference is due, however, only if the trial court's rulings are supported by the record. *See Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012). Trial court findings that are inconsistent with "indisputable visual evidence" may be disregarded as unsupported by the record even when the record is viewed in the light most favorable to the trial court's ruling. *Id*.

A traffic stop is reviewed in the same manner as an investigative detention. *See Martinez v. State*, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). A police officer may stop and briefly detain a person for investigative purposes on less information than would be required to support a probable cause determination. *Id*. An officer conducts a

lawful temporary detention if he has reasonable suspicion to believe that an individual is violating the law. *See Ford*, 158 S.W.3d at 492. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Id.*

Officer Vargas stopped Gutierrez stating he had a reasonable suspicion that Gutierrez had violated section 545.153 of the Texas Transportation Code. Officer Vargas testified that he observed Gutierrez's SUV move from the U-turn lane controlled by a yield sign into the left lane of the service road directly in front of a car approaching the intersection. Officer Vargas further testified that the car had to apply its brakes several times and slow down very quickly to avoid a collision. Gutierrez admitted in his motion to suppress that, rather than yield the right of way to the approaching car that was travelling at a faster rate of speed than he was, he accelerated to "full highway speed." Gutierrez also stated that the approaching car "tapped its brakes rather than running up onto [his] rear bumper." The recording made by Officer Vargas's dashboard camera confirms that Gutierrez drove his SUV into the intersection without stopping and the driver of the white car applied his brakes several times as Gutierrez's SUV moved directly in front of him.

A violation of section 545.153 occurs if a driver enters an intersection from a road controlled by a yield sign and fails to yield the right-of-way to a vehicle approaching on another road so closely that it creates an immediate hazard. *See* TEX. TRANSP. CODE ANN. § 545.153. Officer Vargas articulated specific facts from which he could infer that Gutierrez failed to yield the right-of-way and, but for the fact that the driver of the other car applied his brakes, an accident would have occurred. Accordingly, we conclude the uncontradicted evidence in the

–4–

record supports a finding that Officer Vargas had a reasonable suspicion that Gutierrez had violated section 545.153.

In granting the motion to suppress, the trial court stated that it believed Gutierrez's actions created a hazard, but not an "immediate hazard" in violation of section 545.153. The State was not required to show that a traffic offense was actually committed, however. The State was only required to show that Officer Vargas reasonably believed a violation had occurred. *See Tex. Dept. of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.) Gutierrez's action of moving his vehicle into the intersection directly in front of an approaching car in close proximity requiring that car to reduce its speed to avoid a collision was sufficient to justify Officer Vargas's reasonable suspicion.[1] By granting the motion based on a finding that an offense was not actually committed, the trial court applied the wrong legal standard.

Based on the foregoing, we conclude the trial court erred in granting the motion to suppress. We reverse the trial court's order granting the motion and remand the cause for further proceedings.

Do Not Publish
Tex. R. App. P. 47
131032F.U05

/David Evans/
_____
DAVID EVANS
JUSTICE

---

[1] We note that the Texarkana Court of Appeals addressed a similar factual scenario in its unpublished opinion in *Emmers v. State* and reached the same conclusion. *See Emmers v. State*, No. 06-11-00034-CR, 2011 WL 2518869, at \*5 (Tex. App.—Texarkana June 23, 2011, pet. ref'd) (not designated for publication). The court stated in dicta "[w]e could thus conclude that Emmers' action of maneuvering his vehicle in front of Gordon's, causing Gordon to reduce his speed in order to avoid a collision, provided a reasonable suspicion that Emmers violated Section 545.152 of the Texas Transportation Code."



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-01032-CR     V.

JERRY GUTIERREZ, Appellee

On Appeal from the County Court at Law
No. 3, Collin County, Texas
Trial Court Cause No. 003-88020-2012.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the order of the trial court granting the Motion to Suppress filed by **JERRY GUTIERREZ** on May 15, 2013 is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 15th day of July, 2014.