**Affirmed and Memorandum Opinion filed November 5, 2015.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-14-00957-CR**
**NO. 14-14-00959-CR**

---

**GERALINE GREGORY LINCOLN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1424405 and 1424406**

---

## M E M O R A N D U M   O P I N I O N

Appellant Geraline Gregory Lincoln pled guilty following the denial of his motion to suppress to the offenses of possession of a controlled substance and felon in possession of a weapon. In accordance with a plea agreement, the trial court sentenced appellant to confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice in each case; the sentences were ordered to run concurrently. In his sole issue, appellant claims the trial court erred in denying his

motion to suppress because there was no reasonable basis for the traffic stop leading to his subsequent arrest.[1]

## STANDARD OF REVIEW

We generally review a trial court's decision to grant or deny a motion to suppress using an abuse-of-discretion standard. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). During the suppression hearing, the trial court is the exclusive trier of fact and judge of the witnesses' credibility. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Mason v. State*, 116 S.W.3d 248, 256 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). An appellate court affords almost total deference to the trial court's determination of historical facts supported by the record. *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). We afford the same amount of deference to a trial court's ruling on mixed questions of law and fact if the resolution turns on evaluating credibility and demeanor. *Johnson*, 68 S.W.3d at 652; *Guzman*, 955 S.W.2d at 89. We review de novo, however, those mixed questions of law and fact not turning on credibility or demeanor. *Johnson*, 68 S.W.3d at 653 (citing *Guzman*, 955 S.W.2d at 89).

If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court must sustain it. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Flores v. State*, 172 S.W.3d 742, 748 (Tex. App.—Houston [14th Dist.] 2005, no pet.). When the trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports these factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

---

[1] After appellant was stopped, outstanding warrants were discovered. Following a search incident to arrest, a firearm and controlled substance were found.

**THE EVIDENCE**

Deputy Robert Johnson testified that he first saw appellant's vehicle traveling north in the southbound lanes on Saratoga. Johnson testified it was a two-lane roadway and described appellant's driving as "reckless" but admitted there was no other traffic in the area. Johnson stopped at the intersection and looked northbound on Saratoga. Johnson originally stated that he believed the stop sign was at Saratoga and Autumn Forest but later corrected himself to say the stop sign was at Whitter Forest and Saratoga. Johnson saw the vehicle turn westbound on Whitter Forest without using a turn signal. Johnson proceeded to overtake the vehicle to conduct a traffic stop. The vehicle traveled eastbound on Whitter Forest and then turned northbound on Wildforest Drive. Appellant pulled into the driveway of a residence on Wildforest Drive without using a turn signal.

On cross-examination, Johnson testified the first traffic violation he observed was appellant's failure to maintain a single lane of traffic. The next violations occurred at the intersection of Saratoga and Whitter Forest where appellant made a right turn without stopping at the stop sign or signaling a turn. Johnson explained that his dash-cam video would not show the failures to signal a turn due to the positioning of the patrol car — facing westbound — in relation to appellant's vehicle — traveling northbound. Johnson identified four violations: failure to maintain a single lane, failure to stop at a stop sign, and two failures to signal a turn.

Deputy Mohamd Bousalmi testified appellant was on Saratoga and "rolled through" a stop sign at Saratoga and Whitter Forest and then turned right without signaling a turn. Subsequently, appellant turned left on Wildforest without signaling. Dousalmi testified that appellant was driving "almost on the opposite side of the street" and failed to maintain a single lane.

Appellant testified that he was driving on the right side of the street, stopped at

3

the stop sign at the corner of Saratoga and Whitter Drive, and signaled his turn onto Whitter Drive. According to appellant, his turn signal was also on when he turned left on Wildforest Drive and when he made the last turn into the residential driveway. Appellant testified there was no other traffic.

The trial court made findings on the record. The trial court found the officers testified to five separate and distinct reasons for the traffic stop: (1) failure to maintain a single lane; (2) failure to stop at a stop sign at the corner of Saratoga and Whitter; (3) failure to signal a turn at the corner of Saratoga and Whitter; (4) failure to signal a turn at the corner of Whitter and Wildforest; and (5) failure to signal a turn at the corner from Wildforest into the residential driveway. The trial court found the videotape did not clearly show the first four violations but did show the last. The trial court further found the videotape did not contradict the officers' testimony but that the violations "just were not shown." The trial court found the officers provided an objective reason why those four violations are not depicted on the videotape. The trial court found the officers' testimony was credible and that Officer Johnson had an objectively reasonable suspicion that a traffic violation had occurred before stopping appellant's vehicle. The trial court concluded that under the totality of the circumstances and the evidence presented the stop was reasonable and denied the motion to suppress.

## ANALYSIS

A routine traffic stop closely resembles an investigative detention. *Berkemer v. McCarty*, 468 U.S. 420, 436–37, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984). "If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd). The State is not required to show a traffic offense was actually committed, but only that the officer reasonably believed a violation had occurred. *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas

2001, no pet.); *accord Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). *See also Cook v. State*, 63 S.W.3d 924, 927 n.5 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (noting that there is no requirement that a traffic regulation is actually violated).

The record supports the trial court's findings. The videotape does not show the first four violations but neither does it show they did not occur. The videotape does show the back of appellant's vehicle as it turned into the residential driveway and no turn signal can be seen. Thus the videotape does not indisputably contradict the officers' testimony. *See Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006) (to the extent the trier of fact's determination of historical facts is based on a videotape of a traffic stop admitted into evidence, the trier of fact is entitled to deference, but only if those factual determinations are supported by the record); *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) (declining to give that almost total deference to factfinder's determination of historical facts because "the videotape present[ed] indisputable visual evidence contradicting essential portions of [the officer's] testimony"). *See also State v. Houghton*, 384 S.W.3d 441, 446 (Tex. App.—Fort Worth 2012, no pet.) (the reviewing court is to give almost total deference to the trier of fact's factual determinations unless the video recording indisputably contradicts those findings).

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence supports the trial court's findings. Accordingly, appellant's issue is overruled and the judgments of the trial court are affirmed.


/s/     Sharon McCally
         Justice

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).