

## NUMBER 13-17-00681-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

EDWARD BERLANGA SALGADO,                                      Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

### On appeal from the 138th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

After the trial court denied his motion to suppress, appellant Edward Berlanga Salgado pled guilty to driving while intoxicated (DWI), third offense or more, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b) (West, Westlaw through 2017 1st C.S.). By one issue, Salgado argues that the trial court erred in denying his motion to suppress

because the arresting officer lacked reasonable suspicion to detain Salgado for backing his vehicle unsafely. *See* TEX. TRANSP. CODE ANN. § 545.415 (West, Westlaw through 2017 1st C.S.). We affirm.

## I. BACKGROUND

On August 15, 2016, Salgado backed his vehicle out of a private driveway onto Boca Chica Boulevard in Brownsville, Texas. Salgado backing out onto the street forced Officer Jose Huerta to come to a complete stop. Officer Huerta conducted a traffic stop, claiming that Salgado had backed his vehicle unsafely in violation of Texas Transportation Code section 545.415. *See id*. Based on Officer Huerta's observations during the traffic stop, Salgado was found guilty of DWI, third offense or more. *See* TEX. PENAL CODE ANN. § 49.09(b).

Salgado filed a motion to suppress, arguing that the way he backed up was not per se unsafe. More specifically, Salgado did not have "any problem backing out of his vehicle from the driveway," he did not back out "faster than necessary," and he did not "hit the curb." Thus, according to Salgado, Officer Huerta failed to articulate facts to establish that Salgado unsafely backed up his vehicle in violation of the traffic laws. At the suppression hearing, the trial court admitted dashcam footage showing Officer Huerta pulling to a stop to avoid crashing into Salgado, who was backing from a private driveway onto the street. Officer Huerta testified, "[a]s you can see in the video, he backed into traffic, which I consider my unit traffic, as well, making me have to stop to prevent from hitting his vehicle." The trial court denied Salgado's motion to suppress, ruling that "[i]f the patrol unit had to put on the brakes and slow down, then it was at a time that it was unsafe." Subsequently, Salgado pleaded guilty and was sentenced to six years'

2

imprisonment in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. MOTION TO SUPPRESS

In his sole issue, Salgado argues that the trial court erred in denying his motion to suppress because there was legally insufficient evidence to show that he was lawfully stopped.

### A. Standard of Review and Applicable Law

In reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *See State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Amador v. State,* 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). The record is reviewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *State v. Dixon*, 206 S.W. 3d 587, 590 (Tex. Crim. App. 2006).

A police officer may temporarily detain an individual when the officer has reasonable suspicion to believe that an individual "actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when the officer has specific and articulable facts that, when

3

combined with the inferences from those facts, lead the officer to reasonably believe that the individual is or will soon be engaged in crime. *See id.*; *See Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.) ("The State is not required to show a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress.").

Under the Transportation Code, "[a]n operator may not back the vehicle unless the movement can be made safely and without interference with other traffic." *See* TEX. TRANSP. CODE ANN. § 545.415.

## B.    Analysis

Salgado argues that Officer Huerta did not articulate facts establishing that Salgado backed up his vehicle unsafely. According to Salgado, there was nothing "ostensibly unsafe" about the way he backed up; for example, he did not hit the curb and he did not go faster than necessary to back up. Salgado acknowledges that Officer Huerta had to stop his vehicle to avoid colliding with Salgado but he asserts that driving "inherently involves the inconvenience of every driver having to stop his vehicle at some point in order to avoid the tragic consequence of causing a collision." But Salgado ignores the plain text of the traffic violation for which he was pulled over: "[a]n operator may not back the vehicle unless the movement can be made safely and *without interference with other traffic*." *See id*. § 545.415 (emphasis added). By his own admissions and by the undisputed evidence in the record, Salgado interfered with other traffic—Officer Huerta— as he backed his vehicle onto the street. *See id*. Therefore, we conclude that Officer Huerta had reasonable suspicion that a traffic violation was occurring or recently occurred. *See Ford*, 158 S.W.3d at 492. The trial court did not abuse its discretion in

4

denying Salgado's motion to suppress. *See Kerwick*, 393 S.W.3d at 273. We overrule Salgado's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2019.