# Court of Appeals
## Tenth Appellate District of Texas

10-23-00238-CR

Stuart Bradley Finch,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
278th District Court of Walker County, Texas
Senior Judge Albert McCaig, presiding
Trial Court Cause No. 30129

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury found Appellant Stuart Bradley Finch guilty of the third-degree felony offense of driving while intoxicated and the state jail felony offense of possession of a controlled substance in an amount less than one gram. *See* TEX. PENAL CODE ANN. § 49.04; TEX. HEALTH AND SAFETY CODE ANN. § 481.115. The trial court found the two enhancement paragraphs to be true and assessed punishment in the driving while intoxicated count at thirty years

confinement and in the possession of a controlled substance count at twenty years confinement. In a single issue, Finch argues that the trial court erred by denying his motion to suppress evidence. We will affirm.

## A. Background

On May 9, 2020, Officer Ashley Walker, with the Huntsville Police Department, observed Finch driving a white pickup truck with what she perceived as an unreadable license plate. Officer Walker followed the pickup truck in an effort to read the license plate. While following the vehicle, Officer Walker believed that Finch turned without giving a signal 100 feet prior to making the turn. Officer Walker initiated a traffic stop, and when she made contact with Finch, she immediately noticed signs of impairment. Finch admitted that he had had four beers and also that he had a baggy of methamphetamine in his front pocket. Finch consented to a blood draw that was subsequently sent for laboratory analysis and returned a positive result for both alcohol and methamphetamine.

## B. Issue One

In his sole issue, Finch argues that the trial court "abused his discretion by denying [Finch's] motion to suppress."

### 1. Authority

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion using a bifurcated standard. *See Crain v. State*, 315 S.W.3d

43, 48 (Tex. Crim. App. 2010); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to the trial court's rulings on mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. "We conduct a *de novo* review of evidence when the resolution of mixed questions of law and fact do not turn on an evaluation of credibility and demeanor." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (citing *Guzman*, 955 S.W.2d at 89). We also review the trial court's legal rulings *de novo*. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019).

When ruling on a motion to suppress, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Furthermore, we view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

When explicit findings of fact are not made by the trial court, the appellate court infers the necessary factual findings that support the trial court's ruling if the record evidence, when viewed in the light most favorable

to the ruling, supports these implied fact findings. *Garcia–Cantu*, 253 S.W.3d at 241. If the trial court could have reasonably denied a motion to suppress given the record evidence and given the applicable law, the appellate court must affirm the trial court's ruling. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

The Fourth Amendment does not forbid all seizures, just unreasonable seizures. *See Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997). The detention of an individual may be justified on less than probable cause if the individual is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App 2000). "A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Matthews v. State*, 431 S.W.3d 596, 603 (Tex. Crim. App. 2014) (quoting *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011)). "In determining whether an officer has reasonable suspicion to detain, we look at the totality of the circumstances through an objective lens, disregarding the officer's subjective intent." *Matthews*, 431 S.W.3d at 603.

Article 38.23 of the Texas Code of Criminal Procedure provides that:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art 38.23(a).

2. Discussion

Finch did not file a written motion to suppress evidence. At trial before opening statements, Finch's trial counsel notified the trial court that he had "a constitutional challenge to one of the witnesses." The trial proceeded with opening statements and testimony from one witness. When the State called Officer Walker to testify, there was a hearing outside the presence of the jury on Finch's constitutional challenge.

At the hearing, Officer Walker testified that she observed Finch driving an older pickup with a license plate that was unreadable. As she followed the vehicle to try to read the license plate, she believed Finch made a turn without giving a signal more than 100 feet before the turn. According to Officer Walker, she later reviewed the dash cam video to see where Finch first turned on his signal. She then went and measured the distance between where Finch turned

on his signal and where he made the turn. Officer Walker acknowledged that she had been mistaken, and that Finch had properly signaled his turn more than 100 feet before turning. According to her measurement, Finch turned on his signal at approximately 144 feet before turning. Finch's counsel presented evidence that Finch turned on his signal 187 feet before turning.

At the conclusion of the hearing, Finch's counsel argued that the trial court should "exclude as a reason to stop anything related to the license plate" because Officer Walker could not identify anything that was dirty or obstructing the license plate when she reviewed the dash cam video. Counsel then argued that there was no objectively reasonable justification for the stop because Officer Walker admitted that Finch properly signaled before turning.

The State responded that Finch's counsel made an argument for the inclusion of an instruction to the jury pursuant to Article 38.23 of the Texas Code of Criminal Procedure. The State noted that Finch's complaints were issues for the jury to determine.

The trial court stated:

> What you're essentially asking the Court to do is make factual rulings on issues of law, and because **this is not a motion to suppress**, the Court is not going to make a factual finding under these facts, but I do find, as a matter of law, that the issue of the license plate, which is a factual issue to be proven, and the distance, make this subject to a Texas Code of Criminal Procedure Article 38.23 Charge before the jury, so there's no factual findings in this other than you're entitled to the Charge and so I will find that [Finch] has met its burden of proof, that you have perfected

your challenge, but it is preserved for appeal on their 38.23. (emphasis added)

The trial court further noted that "[w]e're not dealing with the Fourth Amendment issue. We're dealing with whether or not the jury is going to be allowed to make a factual determination on those issues that you have now raised properly, and there will be a Charge pertaining to it."

To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The issue on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).

Where the correct ground for an objection is obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). The objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). To determine whether a

complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

There is nothing in the record to show that Finch made a written or oral motion to suppress evidence. The trial court determined that Finch's complaint related to Article 38.23 and specifically stated that it was not a motion to suppress. There is nothing to suggest that the parties shared an understanding that Finch made an oral motion to suppress evidence. Therefore, because the trial court did not have an opportunity to rule on a motion to suppress, Finch did not preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a).

Moreover, even if Finch preserved his complaint for review, the trial court did not abuse its discretion. Section 545.104 of the Texas Transportation Code provides:

> (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.
> (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

TEX. TRANSP. CODE ANN. § 545.104(a)(b).

It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim.

App. 1982). The State is not required to show that an offense was actually committed but rather must only show that the officer reasonably believed a violation was in progress. *Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.).

Officer Walker testified that at the time she made the stop, she believed that Finch turned on his signal less than 100 feet prior to turning, which would be a violation of Section 545.104. Although she later determined that Finch properly signaled his turn, she maintained that at the time of the stop, she reasonably believed he was in violation of Section 545.104. *See Robinson v. State*, 377 S.W.3d 712, 720-21 (Tex. Crim. App. 2012). She stated that she had stopped vehicles for this offense many times and that her measurement estimate was based upon her experience.

When ruling on a motion to suppress, the trial judge is the sole trier of fact and judge of the credibility of the witnesses. *Wiede v. State*, 214 S.W.3d at 24–25. Based on the record, the jury could have reasonably found Officer Walker to be credible and, therefore, had reasonable suspicion to stop Finch. Thus, even if Finch preserved his complaint for review, viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in denying any motion to suppress. We overrule Finch's sole issue.

## C. Conclusion

Having overruled Finch's sole issue on appeal, we affirm the trial court's judgment.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  August 7, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CRPM

